BALLENGER, next friend, *v.* ROCK RUN IRON COMPANY *et al.*

ATKINSON, J. 1. Section 56 of the Georgia workmen's compensation act (Acts 1920, pp. 167, 197; Park's Code Supp. 1922, § 3154(ddd) : Michie's Code (1926), § 3154(56)) in part provides that if an employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under said act, either party may make application to the commission for a hearing in regard to the matters at issue, and for a ruling thereon; and that the commission shall set a date for a hearing, "and shall notify the parties at issue of the time and place of such hearing."

2. Section 59 of the same act (Acts 1920, pp. 167, 198; Park's Code Supp. 1922, § 3154(ggg); Michie's Code (1926), § 3154(59)) affords a right of appeal to the superior court by either party from an award of the industrial commission provided for in said act. On appeal the order of the industrial commission shall be set aside if it be found "that the industrial commission acted without or in excess of its powers."

3. If the industrial commission, on the filing of an application by an employer as provided in said section 56, causes written notice as required by that section of the act to be served upon the injured employee or his dependents, the person so notified may object to the jurisdiction of the industrial commission on any ground that will show an absence of authority of the commission to inquire into the matter.

4. Where the industrial commission causes notice to be served as indicated above, the employee or his dependents having a remedy at law as stated in the preceding note, by filing with the industrial commission objections to the jurisdiction of that body, a court of equity will not entertain a petition by such injured employee or his dependents, in which the only relief sought is a writ of injunction to prevent the industrial commission from taking and exercising jurisdiction in the matter.

5. In this case the petition for injunction was dismissed on demurrer. One of the grounds of demurrer was that the petition showed on its face that the plaintiff had an adequate remedy at law. This ground of demurrer was meritorious, and related to a controlling question in the case. It is unnecessary to make any ruling upon other grounds of demurrer, and specific reference will not be made to them.

*Judgment affirmed. All the Justices concur.*

No. 6235. JUNE 12, 1928.

Petition for injunction. Before Judge Edwards. Haralson superior court. August 13, 1927.

*S. Holderness* and *M. J. Head,* for plaintiff.

*George M. Napier, D. B. Howe,* and *J. M. McBride,* for defendants.