23866. FOLSOM *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

SUTTON, J. 1. Where a minor employee was injured during the course of his employment, on March 8, 1927, at which time he was about seventeen years of age, and a claim for compensation therefor was not filed with the Department of Industrial Relations until September 2, 1932, which was more than three years after he became eighteen years of age, but was within one year after he reached his majority, the claim was barred, and the department was without jurisdiction to entertain it. *Porter* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 86 (166 S. E. 675), and cit.

2. On November 4, 1927, while the employee was still under eighteen years of age, he wrote this letter to the industrial commission: "Referring to accident No. 3691 F case of Edward Folsom, employee Big Bottling Company on date of 3/8/27. My father will not sign the agreements in the case, because he didn't think he was offered enough money to agree. And I would not persuade him to sign them, because I am not satisfied with the dent that was left in my head. I think the doctors should have straightened it up. Please advise me whether it is the insurance company's duty to have it done over or whose duty it is to pay for it?" On November 14, 1927, in reply thereto, the commission wrote the employee that he was entitled to compensation at the rate of $4 per week beginning March 15 and continuing during disability. No further communication or action in the matter was taken by the employee or by the commission until September 2, 1932, within one year after the employee reached twenty-one years of age, when the matter came before the commission for a hearing. That body denied him compensation upon the ground that it was without jurisdiction, as the matter was barred; and that the letter of November 4, 1927, did not constitute the filing of a claim for compensation by the injured employee. On appeal the superior court upheld this award of the commission. To this judgment the claimant excepts. *Held:* While the workmen's compensation law is beneficial and remedial in character, and should be so liberally construed as to effect its general purpose of awarding relief to injured employees or their dependents in every instance in which its language is such as to render judicial interpretation necessary, and while the statute does not prescribe any particular form of claim for compensation to be filed by an injured employee, yet it can not be held that the letter referred to above, which did not ask for any hearing, but indicated that an offer of compensation had theretofore been received by the employee,

and the answer of the commission that the employee was entitled to a certain sum per week during disability, and which was written five years before the employee appeared before the commission and urged that he was entitled to compensation, and three years after he reached the age of eighteen, constituted such a claim as the lawmakers contemplated would be filed by a claimant under the workmen's compensation laws.

3. It follows that the court below did not err in denying the appeal of the claimant from the award refusing to take jurisdiction of his claim for compensation.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 26, 1934.

*Albert E. Mayer, T. Felton Bowden, Hewlett & Dennis,* for plaintiff.

*McDaniel, Neely & Marshall, Harry L. Greene,* for defendants.