23740.   ATTAWAY *v.* FIRST NATIONAL BANK.

JENKINS, P. J.   1. Section 25 of the workmen's compensation act provides
        that "the right to compensation under this act shall be forever barred,
        unless a claim be filed with the industrial commission [now the De-
        partment of Industrial Relations] within one year after the accident."
        Ga. L. 1920, pp. 167, 181; Ga. L. 1925, pp. 282, 284; Michie's Code,
        § 3154(25).   This provision operating as a "limitation of the liability
        as created, and not of the remedy alone" (*Seaboard Air-Line Ry. Co.* v.
        *Brooks*, 151 *Ga.* 625, 627, 107 S. E. 878; *Porter* v. *Liberty Mutual Ins.
        Co.*, 46 *Ga. App.* 86, 89, 166 S. E. 675), "the filing of the claim for
        compensation with the industrial commission within the time prescribed
        is jurisdictional; and unless this is done, the commission is without
        authority to grant the injured employee compensation." *U. S. Cas-
        ualty Co.* v. *Smith*, 162 *Ga.* 130, 133 (133 S. E. 851); *Bussey* v. *Bishop*,
        169 *Ga.* 251 (150 S. E. 78, 67 A. L. R. 287).   The record in the instant
        case affirmatively showing that the claimant was injured on June 15,
        1931, but that he did not file his claim with the Department of Indus-
        trial Relations until February 4, 1933, his ignorance of the statutory
        requirement, or the gratuitous payment by his employer of contributions
        for the support of himself and his family within one year prior to the
        filing of his claim, would not operate to toll the statute, and the depart-
        ment properly dismissed his claim.
    2. While section 45 of the workmen's compensation act authorizes the De-
        partment of Industrial Relations "at any time [to] review any award
        or any settlement made between the parties and filed with the [depart-
        ment]," upon "its own motion before judicial determination, or upon
        the application of any party in interest on the ground of a change in
        condition," and while section 19 of the act requires that a copy of any
        settlement agreement shall be filed by the employer with the depart-
        ment, these provisions have no application to prevent the bar of the
        instant claim, since it is shown by the record that the injured employee
        never filed any application to "review any award or any settlement made
        between the parties," but merely a claim, and that the payments made
        to the employee by the·employer after the injury were not made as a
        "settlement" or purported settlement, but merely as a gratuity with-
        out obligation or as a consideration for any release by the employee, for

his financial assistance in his sickness from tuberculosis and possible disease of the gall bladder. The evidence does not clearly disclose and the department did not determine whether this disability arose prior to or independently of the injury; and it is unnecessary to consider this question. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 19, 1934.

*Ben T. Blackmon, John W. Bolton,* for plaintiff.
*Brandon, Hynds & Tindall,* for defendant.