## 25599. LONDON GUARANTEE AND ACCIDENT COMPANY *et al. v.* BOYNTON.

DECIDED OCTOBER 28, 1936.

*Harris, Harris, Russell & Weaver,* for plaintiffs in error.
*Grady Gillon,* contra.

Sutton, J. This case arose under the workmen's compensation law. The claimant was injured July 21, 1923, while working for the Cudahy Packing Company. An agreement for the payment of $6.25 per week compensation for temporary total disability, beginning July 28, 1923, was entered into between the parties, and was approved by the Industrial Commission (now the Department of Industrial Relations) on November 27, 1923. It provided: "We further agree to receive and to pay compensation and such other amounts as may be determined from the nature, extent, duration, and result of the injury described herein." The injury was to the claimant's right leg, and he was ordered to be paid compensation during disability. Thereafter he returned to work, but was not able to do the heavy work he had previously done until January, 1934, because of his injury, which had necessitated an operation removing a vein from his leg. He had varicose veins in his leg on account of the injury in 1923, and has varicose veins now. He continued to work with the packing company until 1928, when he left and went to work with Piggly-Wiggly Inc. While in their employment on May 10, 1934, he received a lick on his right leg just above the place of his old injury. He became disabled, and filed a claim against Piggly-Wiggly Inc., for compensation, which was denied. The record in that case was introduced in this case, wherein the claimant testified that he recovered from his 1923 injury. He then filed the present application under section 45 of the compensation act (Code, § 114-709), on account of an alleged change in his condition. The evidence showed that varicose veins cause ulcers; that before his 1923 injury the claimant never had varicose veins or leg ulcers, but had varicose veins all along since 1923; and that the hurt to his leg in 1934 aggravated his varicose veins and made his condition worse. There was evidence that his present condition was caused by the injury in 1923; that is, it was the exciting cause of his present disability, which now is 75 per cent. The single director found that the claimant sustained the injury in 1923, that he now has, and has had since a short while following the 1923 injury, varicose veins in his right leg, which injury was the proximate cause of the development of the varicose veins in his leg. "It appears that the claimant was paid compensation in 1923 in the sum of $68.75, covering eleven weeks disability. The director orders that ten

weeks of this period be charged for temporary total disability and one week for total loss of use of the leg, under section 32 of the workmen's compensation act. This director further finds from the evidence that the claimant has a 75 per cent. permanent partial loss of use of the right leg. Compensation is therefore awarded the claimant in the sum of $4.69 per week until the remaining period fixed by law, to wit, 174 weeks, shall have been paid; these payments shall begin as of the date of the hearing." The employer and the insurance carrier appealed to the full board, where the award was affirmed; and that award was affirmed by the superior court on appeal. The exception is to that judgment.

■ Under the agreement for compensation between the parties, which had the approval of the Department of Industrial Relations, and was the same as an award after a hearing, that body retained jurisdiction of the subject-matter of the claim in this case, because of a change in the condition of the claimant. The fact that the injury was sustained in 1923 and this application was not filed until 1935 does not bar the claim as a matter of law. Section 45 of the compensation act provides that such an application may be made "at any time." The department shall, in such a case, give proper credit for compensation already paid to the claimant, without affecting the former award "as regards any moneys paid." There is no provision in the Georgia compensation law requiring that an application for a review under section 45 must be made within any certain period. However, the language "at any time" does not give to an employee unlimited time within which to apply for a review under section 45. Such proceeding must be brought while the department has jurisdiction of the subject-matter. The jurisdiction of the department of a case attaches with the filing of the claim as required by section 25 of the act (Code, § 114-305), and is lost when there is a full compliance with the award, unless there is a provision in the act or in the award conferring jurisdiction of the case. Section 45 expressly provides for compensation upon a change in condition, and this necessarily extends the right to review a settlement agreement or original award while the department still has jurisdiction. In the settlement agreement between the employer and employee the parties agreed to receive and to pay compensation and such other amounts as might be determined to be due to the employee by the

nature, extent, duration and result of the injury described in the original claim; and this agreement was approved by the department. The original award in this case provides for the exercise of continual jurisdiction. *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880), s. c. 162 *Ga.* 130 (133 S. E. 851). It will be observed that this agreement and award are identical with those dealt with in 162 *Ga.* 130, where it was held that the original award provided for the exercise of continual jurisdiction. The plaintiffs in error contend that the employee was barred from instituting this claim under section 45 (Code, § 114-709), because more than 300 weeks had elapsed from the date of the injury. The employer and the insurance carrier seemingly predicate this contention on the theory that the award was made under the Code, § 114-405, which limits the period of compensation to 300 weeks from the date of the injury. In point of fact they are in error in this respect, as the award was based on § 114-406, which authorizes compensation in certain amounts for fixed periods, and does not limit the number of weeks in which compensation may be paid *from the date of the injury,* as § 114-405 does. Section 30 of the act (Code, § 114-404), provides that when total incapacity results from an injury, compensation shall be paid for a period of not greater than 350 weeks. Section 31 of the act (Code, § 114-405), provides that when partial incapacity results from an injury, compensation shall be paid for a period of time not greater than 300 weeks *from the date of the injury.* Section 32 of the act (Code, § 114-406), this being the section on which the award now under consideration was based, provides for payment of compensation for the amounts and periods as therein specified, and no reference is made to *the date of the injury.* Section 38 of the act (Code, § 114-413), provides that dependents of a deceased employee can recover for a period not exceeding 300 weeks from the date of the injury; and this court, in dealing with that section, in *Columbia Casualty Co.* v. *Whiten,* 51 *Ga. App.* 42 (179 S. E. 630), held that the period in which dependents may recover is limited to 300 weeks from the date of the injury, under that section of the act, it being there said: "In cases of dependents the compensation is for a period from the date of the injury." In the present case no award is based on any section of the act which states that the award shall date "from the date of the injury." So we are of the

opinion that when an employee, because of a change in condition, makes application, under section 45 of the act (Code, § 114-709), for additional compensation for an injury superinduced by an original injury, while the Department of Industrial Relations still has jurisdiction of the subject-matter, and such disability comes under some provision of the Code, § 114-406, he may recover for the full period as provided therein, and according to the terms thereof, without respect to the date of the injury, the compensation being to the employee for a certain period of time for the injury, without regard to its date. Therefore the claim of the employee in the present case was not barred, and the award of the Department of Industrial Relations was not contrary to law or the evidence for that reason. See Code, § 114-709; *U. S. Casualty Co.* v. *Smith,* supra, affirmed, 162 *Ga.* 130 (133 S. E. 851), s. c. 42 *Ga. App.* 774 (157 S. E. 351), s. c. 46 *Ga. App.* 330 (167 S. E. 771); *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599, 605 (134 S. E. 357); *Sears, Roebuck & Co.* v. *Griggs,* 48 *Ga. App.* 585 (173 S. E. 194); *Southern Cotton-Oil Co.* v. *McLain,* 49 *Ga. App.* 177 (174 S. E. 726); *Columbia Casualty Co.* v. *Whiten,* supra.

■ Findings of fact by the Department of Industrial Relations, when supported by any evidence, are conclusive upon this court, in the absence of fraud, etc. Code, § 114-710; *Georgia Power & Light Co.* v. *Patterson,* 46 *Ga. App.* 7, 8 (166 S. E. 255). The single director, the department on appeal, and the judge of the superior court all found that there was evidence authorizing a finding that the claimant's present disability was a change in condition from his condition immediately following his 1923 injury, and that the injury of 1935 aggravated, excited, and made worse his condition. After a careful examination of the evidence we can not say that the finding of these tribunals, who are expressly charged by law with the ascertainment of the facts in cases of this kind, is wholly without evidence to support it. Neither is such finding contrary to the law. *U. S. Casualty Co.* v. *Smith,* supra; *U. S. Fidelity & Guaranty Co.* v. *Maddox,* 52 *Ga. App.* 416 (183 S. E. 570); *General Accident &c. Cor.* v. *Beatty,* 45 *Ga. App.* 104 (163 S. E. 302); 71 C. J. 1440 et seq.; Id. 603 et seq.

■ Applying the foregoing rulings, the judge of the superior court did not err, on appeal, in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*