26467. THOMAS *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY *et al.*

DECIDED MARCH 10, 1938.

*Henry J. Heffernan,* for plaintiff.
*Bussey & Fulcher,* for defendants.

BROYLES, C. J. On April 30, 1935, Lark Thomas, while in the employ of the Woodward Lumber Company, sustained an injury to his toe. On May 2, 1935, the employee stopped work and was treated by a physician, the medical expense amounting to $4.50 being paid by the insurance carrier for the lumber company. On May 7, 1935, the employee returned to work. On July 1, 1936 (fourteen months after the date of the accident and injury to the

toe), the employee entered the hospital for treatment. On July 30, 1936, the employee's right leg was amputated. On September 22, 1936 (approximately seventeen months after the date of the accident), the employee filed a claim with the Department of Industrial Relations for compensation for injury alleged to be the result of the injury to his toe on April 30, 1935. It is admitted by the plaintiff that the first claim for compensation was made in September, 1936. The Department of Industrial Relations denied compensation because the claim was filed more than one year after the date of the accident. The plaintiff appealed to the superior court and that court affirmed the decision of the Department of Industrial Relations. On this judgment of the superior court the plaintiff assigns error in his bill of exceptions to this court.

The plaintiff in error contends that section 25 of the workmen's compensation act, providing that claims for compensation shall be filed "within one year after the accident," should be construed to mean "within one year after the injury;" and therefore that the claim was filed within one year after the injury was apparent, and is therefore compensable. And plaintiff further contends that even should section 25 of the act be construed literally, the payment of medical bills by the insurer constituted a settlement between the insurer and the employee, and suspended the operation of section 25 of the workmen's compensation act, and authorized a review of the award by the Department of Industrial Relations on account of a "change in condition," as provided for by section 45 of the workmen's compensation act.

Robert S. Elrod, director, in making the award on the claim filed with the Department of Industrial Relations on September 22, 1936, sets out that as to the accident on April 30, 1935, "medical expense was paid by the insurance carrier in the amount of $4.50, and no compensable time was lost as a result of this accident, the employee discontinuing work on May 2, 1935, and returning to his regular work on May 7, 1935." This award, dated November 10, 1936, and denying compensation, was the first and only award rendered by the Department of Industrial Relations.

Section 25 of the workmen's compensation act (Code, § 114-305), so far as it relates to the issue involved in this case, is as follows: "Time of filing claim. The right to compensation under this title shall be forever barred unless a claim is filed with the

Department of Industrial Relations within one year after the accident." This language is unambiguous. While injuries may become aggravated in time, and the act makes provision for a "change in condition," it was entirely reasonable for the law-making body to assume that if an accident is going to result in compensable injury, such compensable injury will develop "within one year after the accident," and that some time limit, dating from the accident, should be fixed for the filing of claims for compensation. In any event, the language of the statute is plain and subject to only one construction, and in such a case this court can not hold that the General Assembly did not mean what it said. The plaintiff admitted that he did not file his claim within one year after the accident, and this being true the Department of Industrial Relations had no authority to grant him compensation. In *Porter* v. *Liberty Mutual Insurance Co.,* 46 *Ga. App.* 86 (166 S. E. 675), the court quotes approvingly, from authorities there cited, as follows (pp. 88, 89) : "The workmen's compensation act of this State creates a new right of action, one not existing at common law, of which the requirement that action for the enforcement thereof shall be filed with the industrial commission within one year from the date of the accident *is an essential ingredient;* and the right ceases and terminates where the claim is not so filed." . . "Unless the claim for compensation under this law is filed with the commission within one year after the accident, . . the right to compensation is forever barred. The filing of the claim for compensation with the industrial commission within the time prescribed *is jurisdictional;* and unless this is done, the commission is without authority to grant the injured employee compensation." And from the above, and other authorities, the court concludes that "it will thus be seen that the workmen's compensation act, which embodies within itself a complete code of laws upon the subject, fixes for itself, as an essential ingredient, jurisdictional premise, and condition precedent to the right to compensation, the filing of a claim within a period of limitation. . . The workmen's compensation act brings in a new and independent, but conditional, *right to compensation,* the condition being that a claim therefor must be filed within a year after the accident. In other words, the limitation imposed by the workmen's compensation act operates as a 'limitation of the liability as created, and not of the rem-

edy alone.'" See also *Clark* v. *Maryland Casualty Co.,* 39 *Ga. App.* 668 (148 S. E. 286) ; *Folsom* v. *American Mutual Liability Ins. Co.,* 48 *Ga. App.* 831 (173 S. E. 878) ; *Attaway* v. *First National Bank,* 49 *Ga. App.* 270 (175 S. E. 258) ; *Welchel* v. *American Mutual Liability Ins. Co.,* 54 *Ga. App.* 511 (188 S. E. 357).

And the payment by the insurer of a physician's bill amounting to $4.50 did not constitute a settlement between the insurer and the employee, or suspend the operation of section 25 of the workmen's compensation act and authorize a review of the award on account of a "change in condition," as provided by section 45 of that act. There could be no settlement of a claim under the act because no claim had been filed at that time. There could be no review of an award because no award had been made prior to the one now under consideration. In the two cases last above cited, certain monetary contributions were made by the employer to or for the employee, but this did not constitute a settlement or suspend the operation of section 25 of the act requiring claims to be filed within a year after the accident. In the *Attaway* case, supra, the claimant failed to file his claim within a year after the accident; and the court held that "the gratuitous payment by his employer of contributions for the support of himself and his family within one year prior to the filing of his claim would not operate to toll the statute, and the department properly dismissed his claim . . that the payments made to the employee by the employer after the injury were not made as a 'settlement' or purported settlement, but merely as a gratuity without obligation or as a consideration for any release by the employee." In the *Welchel* case, supra, as in the instant case, the injured employee was "treated by the company physician," but "was never paid any compensation on account of his . . injury;" and in that case "the company physician stated [to the claimant] that the company would take care of him. He testified that this led him to believe that the company would pay him the compensation he was entitled to receive," and "his injured eye began to pain him and grow worse until, as he testified, it is now practically worthless;" and "it was held that his claim was barred, although he had been treated for his eye injury, since it was received by him and his condition had continued to grow worse;" and this judgment was affirmed by this court, because the claim for compensation was not filed within a

year after the accident, and "the filing of the claim for compensation with the department within the time prescribed is jurisdictional; and unless this is done, the department is without authority to grant the injured employee compensation."

The claimant having failed to file his claim for compensation with the Department of Industrial Relations within one year after the accident, as provided by the statute, and there being no proof of fraud which would toll the running of the statute of limitations, the department had no authority to grant the claimant compensation; and its judgment denying compensation was properly affirmed by the judge of the superior court.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*