ROURKE *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

No. 12524. MARCH 8, 1939.

*Paul T. Chance,* for plaintiff. *Bussey & Fulcher,* for defendants.

REID, Chief Justice. On August 14, 1933, Cecil Rourke suffered an injury arising out of and in the course of his employment with the Merchants Bakery, as a result of which his right hand was amputated three and a half inches above his wrist. Within fourteen days after the accident he entered into an agreement with the insurance carrier granting him compensation for the loss of a hand, as provided in the Code, § 114-406 (1), and also for the partial loss of his arm, in accordance with § 114-406(r). This agreement was duly filed with and approved by the Industrial Board. More than twenty-six weeks thereafter, the claimant applied to the insurance carrier and the Industrial Board for a lump-sum settlement of the award; and after approval of the Industrial Board the insurance carrier paid to the claimant an amount "equal [to] the total sum of the probable future payments reduced to their present value upon the basis of interest calculated at five per centum per annum." Code, § 114-417. The claimant executed a full and complete release. On March 26, 1938, the claimant, through his attorney, requested a hearing by the Industrial Board to determine the legality of the award and the settlement thus made. The hearing was granted, and the award and settlement were upheld. The judge of the superior court affirmed the rulings of the Industrial Board, and the claimant excepted.

■ On the merits of the amount of the award, counsel for the claimant contends that compensation should have been awarded as for the *loss of an arm,* that is, 50 per cent. of claimant's weekly wage for 200 weeks, instead of for the loss of a hand and partial loss of the arm, as was done. The administration of the workmen's compensation act is vested in an administrative board. *Gravill* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (2) (123 S. E. 897). It is expressly empowered to hear and determine claims arising under the provisions of the act, and, as between the parties, its award has the

same effect as a judgment rendered by a court of competent, jurisdiction. See Code, §§ 114-706, 114-707, 114-711, 114-715. Where a hearing is had and an award made in favor of the claimant, if the claimant be dissatisfied with the amount of the award, his remedy is by way of appeal as provided in §§ 114-708 et seq. Where no appeal is taken, the award is conclusive and binding; and in the absence of fraud, accident, or mistake, the claimant may not thereafter have the same increased, except upon a change in condition. See *U. S. Casualty Co.* v. *Smith,* 42 *Ga. App.* 774 (157 S. E. 351); *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131); *London Guarantee & Accident Co.* v. *Boynton,* 54 *Ga. App.* 419 (188 S. E. 265); *Lumbermen's Mutual Casualty Co.* v. *Lattimore,* 165 *Ga.* 501 (141 S. E. 195); *Ætna Life Ins. Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449); *Sutton* v. *Macon Gas Co.,* 46 *Ga. App.* 299 (2) (167 S. E. 543); *Jones* v. *American Mutual Liability Ins. Co.,* 48 *Ga. App.* 351 (172 S. E. 600); *Hicks* v. *Standard Accident Ins. Co.,* 52 *Ga. App.* 828 (184 S. E. 808); *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880); *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599 (134 S. E. 357). It follows that after the expiration of the time of appeal the claimant may not bring a proceeding to increase the award, based on the ground that it is erroneous. The workmen's compensation act does not require a hearing before an award can be made by the Industrial Board. The Code, § 114-705, declares that if the employer and injured employee shall reach an agreement "in regard to compensation under this title," it shall be filed with the Industrial Board, and "if approved by the department, thereupon the memorandum shall for all purposes be enforced by decree or judgment of the superior court, as herein specified." The approval of an agreement by the Industrial Board has the same effect as an award made after a full hearing. *London Guarantee &c. Co.* v. *Boynton,* supra. The claimant entered into an agreement with the insurance carrier for compensation as for the loss of his hand, and also for a partial loss of his arm. This agreement was approved by the Industrial Board. Under a proper construction of the act, even if the award was erroneous for the reason urged, the claimant can not now, five years thereafter, attack the award on this ground, and recover additional compensation. The facts presented do not show a change in condition, so as to authorize an increase in the award

made. It is undisputed that the only injury sustained by the claimant was the amputation of his hand three and a half inches above his wrist, and that it was upon this condition that the original award was made. The claimant now claims no additional injury to his arm. It is true that he testified that his arm was of no value; but this conclusion is clearly based on the mere fact that he has lost his hand, and this was as true when the original award was made as it it now.

The ruling here made is not in conflict with *Tillman* v. *Moody,* 181 *Ga.* 530 (182 S. E. 906), where it was ruled: "The Department of Industrial Relations is without jurisdiction to approve an agreement for a lump-sum settlement of an award of compensation which does not conform to the terms of the workmen's compensation act." There the parties disregarded and attempted to set aside the provisions of the act in reference to the making of lump-sum settlements, which this court ruled could not be done, even though approved by the Industrial Board. There is certainly a wide difference between an original award of compensation, based upon an agreement between the parties, which may be merely erroneous, and an award of a lump-sum in settlement of an award already made, based upon an agreement between the parties, in a less amount than authorized by the plain terms of the act. The *Tillman* case does not require, nor does it authorize, a ruling that an original award of the Industrial Board, which is erroneous as to amount, may be set aside at any time by the claimant.

■ Under a proper construction of the workmen's compensation act, a minor employee eighteen years of age or over, not mentally incompetent or physically incapable of earning, in whose favor an award of compensation has been made under that act, may, subject to the approval of the Industrial Board, enter into an agreement with his employer or insurance carrier for a lump-sum settlement of such award, where the weekly payments under such award have been made for not less than 26 weeks. Code, §§ 114-417, 114-420 In this respect such minors are placed upon the same basis as adults, and an agreement and settlement so made is binding and conclusive on a minor as to all of his rights under the award. In fact, it appears from the provisions of the act that all minors falling within the above description are vested with all the legal attributes of adults, in reference to any and all rights and remedies accruing to them

thereunder. See Code, §§ 114-101, 114-306, 114-307, 114-414 (c) : *Porter* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 86 (166 S. E. 675) ; *Folsom* v. *American Mutual Liability Ins. Co.*, 48 *Ga. App.* 831 (173 S. E. 878). At the time of his injury the claimant was nineteen years of age, and when the lump-sum settlement was made he had not reached the age of 21. The amount paid to claimant conformed strictly to the provisions of the act in reference thereto. One of the grounds of the appeal is that these provisions of the act which authorize settlements with minors are special laws, in conflict with existing general laws in reference to minors and their ability to contract, as embodied in the Code, §§ 20-201, 74-104, 79-208, and are therefore unconstitutional, under art. 1, sec. 4, par. 1, of the constitution (Code, § 2-401), which reads in part as follows : "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The provisions of the act now being questioned are manifestly general and not special laws. They operate uniformly upon all minors who are employed under such circumstances as to come under the workmen's compensation act, who are eighteen years of age or over, and who are not mentally incompetent or physically incapable of earning a livelihood. The legislature has ample power to regulate the age of minority or majority, and it may prescribe a longer period of minority for some purposes than for others. Thus, the legislature may divide minors into two classes, those above and those below a certain age, as in the present instance, and endow all those above such age with all the rights of adults in reference to certain kinds of contracts; and this without violating the above provision of the constitution. The effect of such an act is merely to provide that in reference to certain kinds of contracts the age of majority shall be eighteen instead of twenty-one years. See generally, on this subject, *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018) ; *Union Savings Bank & Trust Co.* v. *Dottenheim,* 107 *Ga.* 606 (34 S. E. 217) ; *Slater* v. *Davis,* 174 *Ga.* 633 (2) (163 S. E. 704) ; *McDermott* v. *Lankenau,* 170 *Ga.* 585 (154 S. E. 149) ; *Felton* v. *McArthur,* 173 *Ga.* 465 (160 S. E. 419) ; *Towaliga Falls Power Co.* v. *Foster,* 143 *Ga.* 688 (4) (85 S. E. 835) ; *Mattox* v. *Knox,* 96 *Ga.* 403 (23 S. E. 307). Neither the *Mathis* case, supra, nor *Futrell* v. *George,* 135 *Ga.* 265 (69 S. E. 182), is authority for a

different ruling. On the contrary, what was there said supports the ruling here made The acts attacked in those cases were clearly not territorially general.

■ It is urged that these provisions of the act violate art. 1, sec. 1, par. 2, of the constitution (Code, § 2-102), which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," and art. 1, sec. 1, par. 3 (§ 2-103), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law." We see no merit in this position. The right of the legislature to make reasonable classifications of persons and things for the purpose of legislation is clearly recognized by all authorities. The mere fact that legislation is based on a classification, and is made to apply to certain persons and not to others, does not affect its validity, if it be so made that all persons subject to its terms are treated alike under like circumstances and conditions. As we have pointed out, these provisions operate uniformly upon *all* minors who are employed under such circumstances as to come under the workmen's compensation act, who are eighteen years of age or over, and who are not mentally incompetent or physically incapable of earning a livelihood. The fact that they do not apply to all minors, that is, all persons below the age of twenty-one years, in no way affects the validity of the statute under the above provisions of the constitution. *Georgia Southern & Fla. Ry. Co.* v. *Adkins,* 156 *Ga.* 826 (120 S. E. 610) ; *Baugh* v. *LaGrange,* 161 *Ga.* 80 (2*a*) (130 S. E. 69).

■ On the appeal to the superior court the Industrial Board certified as part of the record the attending physician's report, the employer's report, the agreement as to the payment of compensation, the department's approval of the agreement, and all other papers on file in the department in reference to the claimant's case. It is contended by counsel for the claimant that this was erroneous, since none of these papers were physically in the presence of the director or introduced in evidence at the hearing. The Code, § 114-710, specifically provides that where an appeal is made from a judgment of the Industrial Board, it "shall . . cause certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein, to be transmitted with their findings and order or decree to the clerk of the

■

superior court to which the case is appealable." Under this provision the contention of counsel is without merit.

*Judgment affirmed. All the Justices concur.*