## 28202. NEW AMSTERDAM CASUALTY CO. *et al. v.* McFARLEY.

DECIDED MARCH 8, 1941.

*Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*C. B. McCullar,* contra.

STEPHENS, P. J. ■ This case presents an exception to a judgment of the superior court sustaining an appeal from the Industrial Board and remanding the case to that board for a hearing. It appears that the Industrial Board dismissed the claimant's application for compensation, on the ground that the board was without power and authority to entertain the application which was made on the ground of a change in condition. From this judgment the claimant appealed. The superior court sustained the appeal and remanded the case to the Industrial Board for a hearing on the "question of whether there has been a change in claimant's condition." The intent of this order was to hold that the board had jurisdiction to entertain the claim of the injured employee on its merits, and the superior court remanded the case to the Industrial Board for this purpose. Notwithstanding, as

the result of the judgment of the superior court, the case was open for trial before the Industrial Board, the judgment of the superior court setting aside the judgment of the Industrial Board and remanding the case to the Industrial Board for a hearing upon its merits was a judgment from which a bill of exceptions would lie to the Court of Appeals. There is therefore no merit in the motion to dismiss the writ of error on the ground that the bill of exceptions was "sued out prematurely, and that said issues are properly pending before the Industrial Board under directions and under the jurisdiction of the superior court." The motion to dismiss is overruled.

2. The action of the Industrial Board, dismissing the claim of the injured employee on the ground that the board was without power and authority to entertain such claim, was reversed by the superior court on appeal by the injured employee, and the claim remanded to the board. That judgment was affirmed by this court. *New Amsterdam Casualty Co.* v. *McFarley,* 63 *Ga. App.* 122 (10 S. E. 2d, 249). The Supreme Court, on certiorari brought by the employer and insurance carrier, held that the Industrial Board was without power and authority to entertain such claim, and reversed the judgment of this court. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355). It follows that the judgment of this court heretofore rendered affirming the judgment of the superior court must be vacated; and accordingly, following the opinion and judgment of the Supreme Court, judgment is now rendered by this court reversing the judgment of the superior court.

*Judgment reversed. Sutton and Felton, JJ., concur.*