30439.   AYERS *v.* ÆTNA CASUALTY & SURETY COMPANY *et al.*

DECIDED JUNE 9, 1944.   REHEARING DENIED JUNE 24, 1944.

A. S. *Skelton,* W. L. *Hailey,* for plaintiff.
*Bussey, Fulcher & Hardin,* for defendants.

BROYLES, C. J.   The sole question in this case is whether Fred Ayers's claim for compensation was filed with the State Board of Workmen's Compensation within one year after the date of his injuries.   On the hearing, the director held that the claim had not been so filed and dismissed the claim.   Thereafter, the board, on a hearing, reversed the director, and on appeal to the superior court, the judge of that court reversed the board and made the award of the director the judgment of the superior court.   In making their award the board said: "We have reviewed the record in this case, also the award of director Forester, and we are of the opinion that the director is in error in this award for the reason that the attorney for the claimant swore that he wrote a letter to the then Industrial Board dated January 14, 1943, and he identified a copy of that letter, which is as follows: 'Mr. Fred W. Ayers, R. F. D. No. 2, Royston, Ga., states that while working for Jones-MacDougald-Smith-Pew Co., at Camp Gordon, Augusta, Georgia, he suffered a serious injury to his back.   The accident occurred in the course of employment and while on duty the 13th day of February, 1942.   A report of the injury was made to Mr. Pat Waters, foreman in charge of the work, who advised him to continue to report for work.   This advice was taken although claimant was unable to perform any duties for about ten days.   Thereafter and until March 14th, 1942, this man continued to report for work, but was unable to do any substantial work or to perform the normal

duties required. On March 14th, 1943, claimant discussed his claim with a Mr. Luttrell, representing some insurance company, who told him it would be satisfactory for him to return to his home in Hart County, Georgia, for a rest and until his condition improved. Mr. Ayers states that his back injury has become worse, and while he is able to do some work, any sort of heavy labor causes him much pain. I have advised him that this letter will be treated as a formal claim and that no doubt the company will want to pay some compensation for the injury sustained. It is assumed that the employer has made a report of the accident in view of the conversation with Mr. Luttrell who interviewed the claimant and assured him that compensation would be paid in the event he did not recover from this accident. We would like to take this matter up direct with the insurance company but the name of the carrier is not known. Yours very truly, (Signed) W. L. Hailey.' The said attorney further testified that he properly stamped and mailed the letter in due course of mail. This raised the presumption that the letter was received by the addressee; of course, this presumption is rebuttable; however, there is no evidence in the record by anyone in the Industrial Board (now State Board of Workmen's Compensation) that said letter was not received. The attorney for the claimant, however, stated that he made a trip to the board and was unable to have the original letter located. It is entirely possible that the original letter could have been lost in the files of the Industrial Board, particularly since along about the time this letter was supposed to have been mailed there was much confusion in the department in that there was a change in employees and department heads. If the letter had been received, it contained sufficient facts and was ample to have been the basis of a claim. Our courts have held and the act provides that the mere writing of a letter setting forth sufficient facts with reference to the injury, and a request for hearing is sufficient filing of a claim. In the face of the record, we believe that Director Forester was in error in his award and we do hereby reverse and set aside the award. Having thus determined, it is therefore ordered that the award of Director Forester be and the same is hereby set aside and vacated, and further ordered that said case be set down for further hearing on the merits of the claim."

In *Bituminous Casualty Corp.* v. *Mallory,* 63 *Ga. App.* 714 (12 S. E. 2d, 112), this court said: "It is well settled that the Georgia compensation act does not require any technical or formal filing of a claim. The mere writing of a letter to the Industrial Board by a claimant, setting forth his employment, the name of his employer, and the cause of his injuries, may amount to a filing of his claim. *Lumbermen's Mutual Cas. Co.* v. *Layfield,* 61 *Ga. App.* 1 (5 S. E. 2d, 610)."

The evidence that the attorney for the claimant mailed the letter, properly addressed and stamped, to the then named Industrial Board within one year after the claimant was injured, was uncontradicted, and no one testified that the letter had not been received by the board. "Testimony of a witness that he 'wrote' a letter to a named person, that he placed the letter in the United States mail with the 'required amount of postage' on the letter, in the absence of any evidence that the letter had not been received by the person to whom it was written, is sufficient to authorize an inference that the person to whom the letter was written received it." *Sinclair Refining Co.* v. *Giddens,* 54 *Ga. App.* 69 (5) (187 S. E. 201). The contention of counsel for the defendants in error that the rulings relating to the filing of bills of exceptions are applicable to compensation cases is untenable. The Georgia cases cited in behalf of the defendants in error are distinguished by their facts from this case, and the cited cases from foreign jurisdictions are not controlling on this court and will not be followed.

In our opinion the evidence authorized the award of the Board of Workmen's Compensation; and the reversal of that award was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*