34744. WITHERS *v.* FULWOOD *et al.*

Decided October 1, 1953—Rehearing denied November 7, 1953.

*John Henry Poole,* for plaintiff in error.
*Seymour S. Owens,* contra.

Felton, J. Jack Withers was injured on July 13, 1951, while in the course of his employment by P. D. Fulwood Company. For several weeks the employer voluntarily paid the employee wages and also his hospital and doctor's bills. No agreement as to the payment of compensation was entered into by the parties. A letter dated October 1, 1951, was written to the State Board of Workmen's Compensation by the daughter of the employee, which was as follows: "Tifton, Ga. Oct. 1, 1951. Dear Sir: I am writing for some advice. I was putting out poison on cotton with tractor and spray. The poison overcome me for I did not have the things I supposed to of had for it. I did not have the right Mack gloves or anything I was supposed to of had for the poison. I was hurt Friday, 13th of July. I stayed in hospital 14 days. They paid me $22 per week until about the 25th of Aug. and the Dr. dismissed me and now I get $12 per week.

I haven't rec no check—it was money from P. D. Fulwood plant Co. in envelope. The Dr. dismissed me 25th of Aug and I didn't think I was getting as well as I ought to for Dr. Pittman, Tifton, Ga., Dr. G. K. Cornwell, Fitzgerald, Ga. said I was as well off as I had ever been & I went to another Dr. for examination & he said my privates are torn off. My pelvis is fractured. I have a dead feeling about Penineus. He said I am 50 disability. I haven't rec no check. I rec 22 per week for 4 week. Dr. dismissed me. I rec $12 since Aug 25 & they turned my time in at $45 & I only made 22. Mr. Fulwood has had me to go back to Dr. & he said he would pay 4 weeks from 24 of Sept. He had already dismissed me & sent back after me again. I would appreciate any information you could give me on insurance Co. he had. Please ans soon. Yours truly, Mr. Jack Withers."

On October 4, 1951, the board replied to this letter as follows: "After receipt of your letter of October 1, 1951, we contacted the Fidelity and Casualty Company, insurance carrier for the Fulwood Farms, and were advised by them that they have paid compensation at the rate of $24.00 per week for a period of six weeks. This draft was mailed, along with the agreements for your signature, to your employer for them to deliver to you. The insurance company further advised that they are withholding further payments of compensation pending receipt of a supplemental report from the employer as to the date you were able to return to work. They will again write to the employer, requesting that they submit this report. We suggest that you get in touch with your employer with reference to your compensation payments. If, for any reason, satisfactory adjustment is not made, kindly advise us in order that we may endeavor to be of further assistance in this matter."

On October 21, 1952, the employee filed a common-law action in Tift Superior Court against P. D. Fulwood Company and The California Spray Chemical Corporation, seeking damages for the alleged negligent injury of the employee. The verdict and judgment in that case adjudged that the employee was relegated to his rights under the Workmen's Compensation Law, and that the common-law action would not lie. On August 25, 1952, the employee's attorney wrote to the State Board of Workmen's Compensation, seeking information as to whether a claim had been

filed. The employee's attorney, on November 4, 1952, requested the board to set down the case for a hearing to determine the extent of disability, etc. The single director, on February 3, 1953, dismissed the claim for want of jurisdiction. The superior court on appeal affirmed the award, and the employee excepted.

■ The ruling by the director and the superior court, to the effect that the letter written to the board by the employee's daughter was not a claim, was correct. It did not ask for relief or a hearing or action of any nature beyond the giving of information. *Folsom* v. *American Mutual &c. Ins. Co.*, 48 *Ga. App.* 831 (173 S. E. 878). Since no claim was filed with the board within one year from the time of the injury, the board was without jurisdiction of the case. *U. S. Casualty Co.* v. *Smith*, 162 *Ga.* 130 (133 S. E. 851); *Williams* v. *Campbell Const. Co.*, 63 *Ga. App.* 381 (11 S. E. 2d 233); *Porter* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 86 (166 S. E. 675); *Attaway* v. *First Nat. Bank*, 49 *Ga. App.* 270 (175 S. E. 258); *Whelchel* v. *American Mutual &c. Ins. Co.*, 54 *Ga. App.* 511 (188 S. E. 357).

■ The time for filing the claim was not tolled by the voluntary payment of wages or doctor's and hospital bills. *Attaway* v. *First National Bank*, supra; *New York Indemnity Co.* v. *Allen*, 47 *Ga. App.* 657 (171 S. E. 191); *Thomas* v. *Lumbermen's Mutual Casualty Co.*, 57 *Ga. App.* 434 (195 S. E. 894).

■ The employee contends that the employer is estopped to deny that a valid claim was filed. A mere contention by the employer in the common-law action that the employee's remedy was under the Workmen's Compensation Law is not an admission or concession that a valid claim had been filed. In its plea in abatement in the common-law action, the employer did not contend or concede that the letter written to the board by the daughter of the employee was a valid claim. The plea alleged, among other things, that on October 1, 1951, the employee "contacted" the State Board of Workmen's Compensation regarding medical treatment and compensation due him under the provisions of the Georgia Workmen's Compensation Act.

The court did not err in affirming the award of the single director dismissing the claim.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*