36889. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* ANDERSON.

TOWNSEND, J. 1. Code § 114-305 provides in part: "The right to compensation under this Title shall be forever barred unless a claim is filed with the State Board of Workmen's Compensation within one year after the accident." The filing of a claim for compensation within the time limited is jurisdictional, and in the absence of a compliance with the

statute, the board is without authority to grant compensation. *Thomas* v. *Lumbermen's Mutual Casualty Co.,* 57 *Ga. App.* 434, 436 (195 S. E. 894).

2. The burden of proof is on the claimant to show that his injury is compensable. *Ocean Accident &c. Co.* v. *Lovern,* 90 *Ga. App.* 708, 712 (83 S. E. 2d 862).

3. It appears from the evidence in this case that the claim was by letter from the claimant's attorney dated November 6, 1956 and received and date-stamped by the board on November 7, 1956. There is no evidence of the date of the accident other than that contained in the testimony of the claimant himself, who fixed the date as some time in the first week of November, and then continued: "Approximately when it happened; I believe that's right. I couldn't be sure of it because you know the date, it's been so long I just absolutely don't know, I didn't keep any record." It appears from the testimony that the claimant meant the first *work-week* in November, that is, some time between Monday, October 21, and Saturday, November 5, 1956. There is no evidence that the accident occurred later than this date, but it does appear that evidence tending to fix the date of the accident more specifically would be readily available from payroll, first aid, medical and like records, for the claimant testified that on that date he went to first aid and then to the doctor, that he worked the rest of that week, was away from work one full week, and then came back to work a week and finally quit on November 18, 1956, because of his inability to continue. Dr. Cason testified that he took X-rays of the claimant on November 14, but failed to specify whether this was the first visit of the claimant to him following this accident or whether he was under treatment at the time. Accordingly, the claimant has failed to carry the burden of proving that his claim was filed within one year of the accident, and there is not sufficient evidence in the record from which this issue (the only one insisted upon by the plaintiff in error) can be determined. Under these facts the judge of the superior court erred in affirming the award, but he should have reversed and remanded the case to the Board of Workmen's Compensation for the purpose of taking further evidence, such as above indicated, to determine whether or not the claim was filed in time. See in this connection *Campbell* v. *Pure Oil Co.,* 92

*Ga. App.* 523 (88 S. E. 2d 630); *Hood* v. *Jackson,* 81 *Ga. App.* 465 (3) (59 S. E. 2d 45).

Accordingly the case is reversed with direction to the Board of Workmen's Compensation for the purpose of taking additional proof on the sole issue of whether or not the claim is barred.

*Judgment reversed and remanded with direction. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 16, 1957.

*Frank M. Swift, Smith & Swift,* for plaintiffs in error.
*Maddox & Maddox,* contra.