37525. MILLEDGEVILLE STATE HOSPITAL *v.* CLODFELTER.

DECIDED JANUARY 21, 1959—REHEARING DENIED
FEBRUARY 3, 1959.

50

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General,* for plaintiff in error.

*Emory L. Rowland,* contra.

TOWNSEND, Judge. ■ In *New Amsterdam Cas. Co. v. McFarley,* 191 *Ga.* 334 (12 S. E. 2d 355) the Supreme Court held: "This court pointed out [in *Aetna Life Ins. Co. v. Davis,* 172 *Ga.* 258, 157 S. E. 449] that the Industrial Board was a mere

creature of the statute, brought into being by the legislature as an administrative body. It therefore has no inherent powers, and consequently has no lawful right to act except as directed by law. . . . To make an award either allowing or disallowing compensation, aside from medical aid as provided in section 114-501, the Industrial Board must under the law determine the preliminary questions whether or not there was an accidental injury resulting in disability for more than seven days, and whether or not it arose out of and in the course of employment. If these preliminary questions are decided in the affirmative, then the employee is entitled to compensation in some amount. On the other hand, a negative decision on any one of these facts requires an award denying compensation. *The only award that the Industrial Board has the power under the law to make is* either to deny or to grant compensation." (Emphasis added). It is perfectly true that when a hearing is requested and notice given "the person so notified may object to the jurisdiction of the industrial commission on any ground that will show an absence of authority of the commission to inquire into the matter." *Ballenger* v. *Rock Run Iron Co.,* 166 *Ga.* 490(3) (143 S. E. 595). It is true that where there is a motion to dismiss a claim on account of some matter appearing upon the face of the proceedings, and the motion is sustained by the board, a writ of error will lie from the order of the superior court judge affirming that decision. *New Amsterdam Cas. Co.* v. *McFarley,* 64 *Ga. App.* 465 (13 S. E. 2d 588). Such an award is final because it disposes of the claim once and for all unless reversed. Being final, it is appealable to the superior court under Code § 114-710, and the finality of the award is not taken away by the fact that the superior court reverses and remands the case to the board for the reason that under the same Code section "any party in interest who is aggrieved by a judgment entered by the superior court" in a compensation case may appeal that decision to the Court of Appeals. As to pleadings in the superior court and other courts having like rules, a judgment is final for purposes of appeal if it would have been final if rendered as claimed by the plaintiff in error. Code (Ann.) § 6-701. Such is not the rule as to claims tried before the Board of Workmen's Compensation,

52

but rather the rule is that "The members of any of them shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner" (Code § 114-707), constituting such a final award as to support an appeal. The order of the full board in this case overruling the motion to dismiss left the claim pending before the board for hearing just as though such motion had not been filed, and settled nothing, so far as the right to or amount of compensation was concerned. It was accordingly not an appealable order under Code § 114-710.

■ The employer further assigns error on the refusal of the board to hear testimony in support of his various motions, which had been treated as preliminary motions by the board and set for hearing before the full board in Fulton County instead of following the usual procedure and setting the case in Baldwin County for a full hearing before a single director or deputy director. In the first place, since the Board of Workmen's Compensation is a creature of statute, there is no provision in the law for such preliminary hearings in the nature of pleas in abatement and the taking of testimony in regard thereto, the refusal of the board to hear evidence separately in support of the motion to dismiss was not error, and was not a final judgment. In the second place, the objections raised—that no proper notice of accident was given the employer; that the deceased was not an employee within the meaning of the law, and that his death was due to disease rather than accident—all go to the merits of the claim and evidence on these issues may properly be received when the claim is set for hearing.

The bill of exceptions in this case, being premature must be *Dismissed. Gardner, P. J., and Carlisle, J., concur.*