38824, 38825.   STATE HIGHWAY DEPARTMENT v.
COOPER; and *vice versa.*

DECIDED JUNE 22, 1961—REHEARING DENIED JULY 11, 1961.

132

*Eugene Cook, Attorney-General, John S. Harrison, Assistant Attorney-General,* for plaintiff in error.

*James E. Hudson, Guy B. Scott, Jr.,* contra.

HALL, Judge. ■ "The right to compensation under this Title shall be forever barred unless a claim is filed with the State Board of Workmen's Compensation within one year after the accident." *Code* § 114-305. The filing of a claim for compensation within the time limited is jurisdictional, and in the absence of a compliance with the statute, the board is without authority to grant compensation. *Employers Mut. Liab. Ins. Co. v. Anderson,* 96 Ga. App. 509 (100 SE2d 611); *Attaway v. First Nat. Bank,* 49 Ga. App. 270 (175 SE 258).

The law does not prescribe any particular form of claim for compensation to be filed by an injured employee. *Folsom v. American Mut. Liab. Ins. Co.,* 48 Ga. App. 831 (173 SE 878). There being no necessity for any technical or formal filing of a claim, the mere writing of a letter to the board by a claimant setting forth sufficient facts with reference to the injury, and a request for hearing, is sufficient. *Ayers v. Aetna Cas. &c. Co.,* 71 Ga. App. 327, 328 (30 SE2d 811). Where the letter does not

ask for relief or a hearing or action of any nature beyond the giving of information, it does not amount to the filing of a claim. *Withers v. Fulwood,* 89 Ga. App. 113, 115 (78 SE2d 865).

In this case the only action within one year after the accident was the employer's request for hearing under *Code Ann.* § 114-706. The employee took no affirmative action whatsoever toward filing any document with the board until more than twelve months after the injury.

Was the employer's action sufficient to authorize the board to find that the statute of limitation did not apply?

*Code Ann.* § 114-706 provides: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this Title, . . . either party may make application to the Board for a hearing *in regard to the matters at issue,* and for a ruling thereon. Immediately after such application has been received, the Board shall set a date for a hearing, which shall be held as soon as practicable, and *shall notify the parties* at issue of the time and place of such hearing." (Emphasis supplied).

In *Metropolitan Cas. Ins. Co. v. Maloney,* 56 Ga. App. 74 (192 SE 320), the following things were done within less than a year after the time of the accident: The adjuster for the insurer and employer made an application for a hearing; a time was set for the hearing; employee, by counsel, appeared in response to the usual legal notice; and the issues in the case were *ripe for trial.* This court held (p. 80): "When we consider § 114-305 in the light of § 114-706, supra, we think the word 'claim' as used in the former is coextensive with 'case', and *under the facts of this case* embraces the counter-claim of the employee as well as the claim of the employer. The 'case' or 'claim' of the employer and the appearance and answer of the employee were all filed within twelve months, and none of them had ever been withdrawn with the approval or consent of the court or the department . . . The case was begun within twelve months, was continued, was still pending, and while so pending it was reset and tried. The commissioner was therefore authorized to find that the statute of limitation did not apply." (Emphasis supplied).

·. "The one-year limitation is for the benefit of the employer and insurance carrier in order to prevent claims from being filed after long lapses of time." *St. Paul-Mercury Indem. Co. v. Oakley,* 73 Ga. App. 97, 101 (35 SE2d 562). If the employee, personally or by counsel, files his claim within this limitation, the jurisdiction of the board attaches as to this claim. *London Guarantee &c. Co. v. Boynton,* 54 Ga. App. 419, 421 (188 SE 265). There is no limitation upon the time within which a claim must be heard and adjudicated. *Ogden v. Clark Thread Co.,* 93 Ga. App. 227 (91 SE2d 191).

. We are of the opinion that the General Assembly intended that the employee must affirmatively take some action within the one-year limitation. He may take such action either by filing a claim, or by responding to the employer's request for a hearing and thus convert the hearing into a claim. But a hearing requested by the employer, standing alone, is not a claim until the employee affirmatively responds to it by becoming a party within the one-year limitation.

Where the employer requests a hearing under *Code* § 114-706 and the employee has binding "notice" of this fact and affirmatively responds so as to convert the application for hearing into a claim within the one-year limitation, the board thereby acquires jurisdiction of the claim under *Code* § 114-305. *Metropolitan Cas. Ins. Co. v. Maloney,* 56 Ga. App. 74, supra.

. In this case, the record shows and the employee contends that he had no notice as to any hearing until after the one-year limitation had lapsed. That being so, it cannot be said that the claimant has failed to file his claim within the one-year period because of any action on the part of the employer. Unlike the employee in the *Metropolitan* case, supra, he has not been prejudiced in any way by any action of the employer in this case. Where the employee received no notice as required under the law, the board does not have jurisdiction to render any order upon the merits of his claim and the issue is not ripe for trial. *Bailey-Lewis-Williams of Ga. v. Thomas,* 103 Ga. App. 279 (5) (119 SE2d 141).

· While both this court and the Supreme Court have held that a liberal construction should be given to the Workmen's Compen-

sation Act, we cannot rewrite it. The one-year limitation having been enacted for the purpose of preventing a prohibitive lapse of time, the teeth of this provision should not be extracted by judicial legislation. The most that can be said for this claimant is that he had a claim which the law allowed him to file within one year of the injury and that he failed to file it. The court erred in the award of compensation.

■ The employer also contends that the judgment below is erroneous for the reason that there was an award denying compensation rendered in Clarke County dated July 24, 1956, from which no valid appeal was taken. Having held that the board never acquired jurisdiction of any claim of the employee within the one-year limitation, the dismissal of July 24, 1956, for lack of prosecution was a nullity, as was the order transferring the case from Greene to Clarke County.

■ Turning now to the cross-bill of exceptions, it is contended by the employee that the board's order of May 3, 1960, overruling the employer's motion to dismiss on the ground that no claim was filed by the employee within one year of the injury, was res judicata since it was not appealed from within 30 days as required by *Code* § 114-710. Where a motion to dismiss a claim on account of some matter appearing upon the face of the proceedings is sustained by the board, a writ of error will lie from the order of the superior court judge affirming that decision. *New Amsterdam Cas. Co. v. McFarley*, 64 Ga. App. 465 (13 SE2d 588). However, an order of the board overruling the motion to dismiss leaves the alleged claim pending before the board for hearing just as though such motion had not been filed and is not an appealable order under *Code* § 114-710. *Milledgeville State Hospital v. Clodfelter*, 99 Ga. App. 49, 52 (107 SE2d 289).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Felton, C. J., and Bell, J., concur.*

ON MOTION FOR REHEARING

HALL, Judge. On the motion for rehearing, the employee contends that this court has misconstrued the case of *Metropolitan Cas. Ins. Co. v. Maloney*, 56 Ga. App. 74, supra, because of the following statement found in that opinion at page 79:

"Thus, under our statute, where they fail to agree, and an employee has not made a claim, the employer is permitted to institute a proceeding to secure a determination of the employee's right to compensation," citing *Ballenger v. Rock Run Iron Co.*, 166 Ga. 490 (143 SE 595) in support. The *Ballenger* case does not support this statement. It merely holds that where an employer has initiated a hearing under *Code Ann.* § 114-706, the employee cannot enjoin the proceeding in a court of equity, for the reason that he has an adequate remedy at law to object before the board to the jurisdiction of that body. The above statement in the *Metropolitan Cas. Ins. Co.* case was dictum and was not at all necessary to that decision. Accordingly, it is not controlling authority and will not be followed here.

Whatever the situations may be which would authorize an employer to make an application for a hearing under *Code Ann.* § 114-706, any application by him for a hearing, to have determined the amount of compensation, if any, to which the employee may be entitled, in no way relieves the employee from taking some affirmative action before the board within the one-year limitation.

*Motion for rehearing denied. Felton, C. J., and Bell, J., concur.*