40140.   OLD COLONY INSURANCE COMPANY et al.
v. BENNETT.

PANNELL, Judge.   Hugh D. Bennett, an employee of North Georgia Rendering Company, sustained an accidental injury arising out of and in the course of his employment. He was delivered a check from Old Colony Insurance Company, the employer's insurance carrier, in full payment of temporary total disability. At the same time, he received a final settlement receipt and agreement for compensation as to his temporary total disability on forms approved by the Workmen's

Compensation Board. The employee accepted the check. Within 12 months from the date of the injury, agreement for compensation signed by the employer and the insurance carrier, and the final settlement receipt, neither of which was signed by the employee, were filed with the Workmen's Compensation Board.

More than 12 months after the date of the accident and injury, the employer, acting for the employee, by letter to the board, requested a hearing for the purpose of determining the amount of permanent partial loss of use of a hand. *Held:*

1. Upon a hearing of a claim or procedure instituted in a proper case under *Code Ann.* § 114-709 which provides that the Board of Workmen's Compensation "may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board," the limitation provided for in *Code* § 114-305 as to filing of formal claim within 12 months does not apply, *Automatic Sprinkler Corp. v. Rucker,* 87 Ga. App. 375 (1) (73 SE2d 609), where an agreement and final settlement receipt is filed with the board within 12 months of the accident, and consummated by the acceptance by the employee of the payment provided in the agreement. This amounts to a filing of a claim within the statute. *Southern Cotton Oil Co. v. McLain,* 49 Ga. App. 177 (174 SE 726).

It is true that in both the above cited cases the agreement and final receipt had been signed by the employee, and, in the first case approved by the board; however, *Code Ann.* § 114-709 does not require. that such agreement be approved by the board before the right to review accrues, but only that the agreement of settlement be filed.

The case of *Withers v. Fulwood,* 89 Ga. App. 113, 115 (78 SE2d 865), in which it was ruled that, "The time for filing the claim was not tolled by the voluntary payment of wages or doctors and hospital bills," does not require a different ruling in the instant case. An examination of the record, as well as the decision itself, discloses that in that case the claimant did not accept the compensation for lost time tendered; did not seek to file a claim, but, on the contrary, sought to assert his claim in a common law action. There was no consummation of an agreement for compensation in that case and the filing of the same with the board.

In *Thomas v. Lumbermen's Mut. Cas. Co.*, 57 Ga. App. 434 (195 SE 894) in answer to a contention by a plaintiff claimant therein, that the payment of medical bills by the insurance carrier constituted a settlement by the insurer and the employee and suspended the operation of *Code* § 114-305 and authorized a review of an award by the Board of Workmen's Compensation on account of a change in condition under *Code Ann.* § 114-709, this court stated, "There could be no settlement of a claim under the Act because no claim had been filed at that time," and, "There could be no review of an award because no award had been made prior to the one" then under consideration. It nowhere appears in that case that there was any agreement for compensation filed with the board.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 4, 1963—REHEARING DENIED OCTOBER 17, 1963.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for plaintiffs in error.

*Richard W. Best,* contra.