## ÆTNA INSURANCE COMPANY *v.* BRIGHAM.

1. While an agent's place of business is not necessarily the place of business of his principal, yet where the business of the principal is conducted at the agent's place of business and at no other place, the place of business of the agent is the place of business of the principal. -

2. Where an insurance agent represents several companies in a given city, and transacts their business in an office maintained at his own expense, this office is the "place of doing business" of such of the companies as have no other place in such city for the transaction of their business.

3. A corporation is not a citizen within the meaning of that clause of the 14th amendment to the constitution of the United States which prohibits the States from making or enforcing any law which abridges the privileges or immunities of citizens of the United States. It follows that Civil Code, § 2110, embracing what is commonly known as the "Dodson law," regulating the contracts of insurance companies, does not violate that clause of the 14th amendment.

4. The General Assembly may, for purposes of legislation, classify persons or subjects, provided the classification is not arbitrary or unreasonable. The law referred to in the preceding note does not make an arbitrary or unreasonable classification because it is limited to insurance "companies," and because it excludes from its operation losses sustained by reason of the destruction of specified kinds of personal property.

5. The evidence warranted the verdict, and there was no error requiring a new trial.

Argued July 16, — Decided August 11, 1904.

Action on insurance policy. Before Judge Eve. City court of Richmond county. October 12, 1903.

*King, Spalding & Little* and *E. H. Callaway,* for plaintiff in error. *Overstreet, White & Boykin* and *C. H. Cohen,* contra.

COBB, J.    The plaintiff sued the Insurance Company upon a policy of fire insurance, in the city court of Richmond county. The defendant filed a plea to the jurisdiction, and upon the trial the jury found against the plea. . The defendant made a motion for a new trial on this issue, which was overruled, and it excepted.    The case then went to trial upon the merits, and re-sulted in a verdict in favor of the plaintiff, and the defendant also excepts to the refusal of the judge to grant it a new trial on this issue.

1, 2.  The policy was written in Laurens county, and covered property situated in Screven county.    The jurisdiction of the city court of Richmond county depends upon whether, at the time the suit was instituted, the company had in Richmond county " an agency or place of doing business," within the mean-ing of the Civil Code, § 2145.    It was admitted that the company had an agent in that county, and that that agent had a place of business, but it was denied that this was the place of business of the company.    According to the undisputed testimony, Allen & Company were engaged in business in Richmond county as in-surance agents.    They represented several insurance companies, and conducted their insurance business at an office occupied by them and for which they paid rent and other expenses necessary to the maintenance of the place of business, out of their own re-sources.    They were the authorized agents of the defendant com-pany in that county, and, as such, applied to the city authorities for a license to do business as agents of the defendant, under a city ordinance which imposed a license " upon every agency of a fire or life insurance company or association."    The business of the Ætna Insurance Company in Richmond county was conducted and carried on at the office of Allen & Company, just as the busi-ness of every other insurance company represented by them was carried on there.    There were displayed in this office signs which indicated that the business of this company would be there car-ried on by Allen & Company.    Under this evidence a verdict was demanded that the Ætna Insurance Company had " an agency or place of doing business" in Richmond county.    An agent's place of business is not always the place of business of his principal, but if an agent carries on the business of his prin-cipal at his own place of business, and at no other place, then

the place of business of the agent becomes the place of business of the principal.

3. What is familiarly known as the "Dodson law," contained in the Civil Code, § 2110, is attacked in this case as being unconstitutional, upon the ground that it impairs and restricts the right of contract, which is one of the privileges and immunities guaranteed to citizens by the 14th amendment to the constitution of the United States. The act in question is as follows: "All insurance companies shall pay the full amount of loss sustained upon the property insured by them: *Provided*, said amount of loss does not exceed the amount of insurance expressed in the policy; and all stipulations in such policies to the contrary shall be null and void: *Provided*, that in cases of loss on stocks of goods and merchandise and other species of personal property changing in specifics and quantity by the usual customs of trade, only the actual value of the property at the time of loss may be recovered: *Provided*, the loss does not exceed the amount expressed in the policy." The point raised in the assignment of error is without merit; for, even if it be conceded that the section quoted abridges some privilege or immunity of citizens of the United States, protected by the 14th amendment to the constitution of the United States, it has been definitely settled by the decisions of the Supreme Court of the United States that a corporation is not a citizen within the meaning of that provision of the amendment. See Orient Insurance Company *v.* Daggs, 172 U. S. 557, and cit. It was argued that the law also infringes those clauses of the 14th amendment which prohibit the States from passing any law which deprives "any person" of life, liberty, or property without due process of law, or which denies to any person within their jurisdiction the equal protection of the laws. The assignments of error in the record are not broad enough to cover these questions; but even if they had been, they would seem to be without merit, under the decision in Orient Insurance Company *v.* Daggs, supra, affirming Daggs *v.* Insurance Company (Missouri), 35 L. R. A. 227, where a similar law was held not to be violative of these clauses of the 14th amendment. Various attacks have been made upon laws similar to the one now under discussion, and in almost every instance they have been held to be constitutional and valid. See Reilly *v.* Ins. Co., 43

Wis. 449, s. c. 28 Am. Rep. 552; Phœnix Ins. Co. *v.* Levy (Tex.), 33 S. W. 992; Dugger *v.* Nat. Bank, 95 Tenn. 245, s. c. 28 L. R. A. 796; Ins. Co. of N. A. *v.* Bachler (Neb.), 62 N. W. 911, 915; 8 Cyc. 1067. Our decision is, however, necessarily confined to the one ground of attack raised by the assignment of error.

4. One of the assignments of error is that the law above quoted is "unconstitutional, in that it is special legislation affecting the rights of contract on the part of insurance companies, without the consent of said companies, which is prohibited by paragraph 1, section 4, article 1 of the constitution of the State of Georgia," which provides that laws of a general nature shall have uniform operation throughout the State, and no general law affecting private rights shall be varied in any particular case by special legislation, except with the consent in writing of all persons to be affected thereby. Civil Code, § 5732. Under this assignment of error it is argued, that the act makes fire-insurance companies writing policies upon houses and personal property other than specified kinds the subject of an arbitrary classification, and that especially is the classification arbitrary when it is kept in mind that the legislation does not apply at all to private individuals engaged in the business of writing fire-insurance. While the General Assembly is permitted to classify subjects for legislation, the courts will restrain them from making arbitrary and unreasonable classifications. At the same time the lawmaking power is allowed a wide latitude in respect of such matters. Without undertaking to discuss the question at length, we hold that the legislation under consideration is not subject to the objection made. See majority opinion in *Union Savings Bank* v. *Dottenheim*, 107 *Ga.* 606; Dugger *v.* Insurance Co., 95 Tenn. 246 (4).

5. The evidence authorized the verdict, and there was no error requiring the granting of a new trial. It might not have been improper for the judge to have charged the jury that the plaintiff was limited to a recovery of the merchandise contained in the storehouse; but as the uncontradicted evidence shows that this merchandise was worth far in excess of the amount stipulated in the policy and the amount of the verdict, the refusal of a request to the effect indicated was harmless.

*Judgment affirmed. All the Justices concur, except Lamar, J., disqualified.*