## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* ADKINS, administrator.

1. That portion of section 2782 of the Civil Code of 1910 which provides that common carriers by railroad shall be liable to the "next of kin dependent upon" an employee of such common carrier, where there is no widow or husband or child or children of such employee, is not unconstitutional on the ground, as contended, that it conflicts with the equal-protection clause of the Federal constitution. This clause permits classifications in such matters, when the same are reasonable and not arbitrary, and rest upon a reasonable basis.

2. For the same reasons the portion of the code section mentioned above does not offend art. 1, sec. 1, par. 2, of the constitution of Georgia (Civil Code (1910), § 6358), which is as follows: "Protection to person and property is the paramount duty of government, and shall be impartial and complete."

3. The portion of the code above mentioned does not deprive the defendant of due process of law.

4. Other grounds of the demurrer, while stated in different language, amount to a restatement of the contention that the code section, in so far as it provides liability for the benefit of next of kin, is in conflict with the equal-protection clause of the Federal constitution. The petition was not demurrable on any of the grounds stated, and therefore the court did not err in overruling the demurrer.

No. 3647. NOVEMBER 24, 1923. REHEARING DENIED DECEMBER 20, 1923.

Damages. Before Judge Crum. Crisp superior court. February 17, 1923.

The administrator of the estate of J. T. Prescott brought suit seeking to recover from Georgia Southern and Florida Railway Company damages because of the alleged negligent homicide of Prescott. The petition makes, in substance, the following case: that at the intersection of Seventh Street and Eighteenth Avenue in the City of Cordele both these streets cross the four tracks of defendant; that there is at all times a large amount of traffic at this point on these streets; that the tracks of defendant at this point are in almost constant use for the switching and shifting of cars, making up of trains, and passage of regular trains; that on September 3, 1921, a freight-train, of which Prescott was in charge as conductor, was standing at this point on the second track from the west; that Prescott, in the discharge of his duty, walked down the third track from the west, taking down the numbers of the cars, etc., as he went; that as he reached the center of the street-crossing mentioned, a long freight-train which was passing on the fourth track from the west made so much noise that it drowned all other

sounds in the vicinity; that because of this noise, and being absorbed in his undertaking aforesaid, Prescott did not see or hear an engine and tender which was following him upon the third track from the west, by which he was killed; that he was without fault; that no warning of any kind was given by the employees in charge of said engine; that it was being operated backward at a negligent rate of speed in approaching said crossing, to wit, more than twenty miles per hour; that Prescott was unmarried and without children, that his mother and father were dead, but that he left a sister who was dependent upon him for support. The defendant demurred to the petition, on the general grounds that no cause of action is set out; and that under the allegations the plaintiff was not entitled to recover; and specially to the allegations that the engine was operated "without any warning whatever from said engine so following him on said track, by the blowing of its whistle or the ringing of its bell, or otherwise," and "that said engine and tender that so ran over and killed said Prescott on said crossing aforesaid failed and neglected to ring the bell of said engine, or to blow the whistle or otherwise warn said Prescott of its approach to said crossing, which failure to do was negligence as to him of said defendant company through its agents and employees so in charge of said backing engine and tender," because "it is immaterial that the said engine failed to blow its whistle or ring its bell, or give any other warning, there being no duty on the part of the railway company, with respect to one using its tracks as a longitudinal pathway, to sound a warning by a bell, whistle, or otherwise;" and to the allegations that "the engineer and agents of said defendant company, so in charge of said backing engine and tender that so killed said Prescott at said crossing aforesaid, failed and neglected to keep and maintain a constant and vigilant lookout along the track ahead of said engine and tender in approaching said crossing, which was negligence and a failure of a duty that it owed to said Prescott so on said crossing at the time he was killed," and that defendant was negligent in that "in approaching said crossing on said occasion without the engineer in charge of said backing engine and tender maintaining a constant and vigilant lookout along the track ahead of said engine, in order to avoid doing injury to said Prescott, or any person or property on said crossing at the time," for the reason that "under the allega-

tions of the petition there was no duty on the part of the engineer and agents of the defendant company, with respect to Prescott, to keep and maintain a constant and vigilant lookout along the track ahead of said engine and tender in approaching said crossing," and upon the further ground that there is no law of Georgia requiring such constant and vigilant lookout to be kept with respect to one in the situation of Prescott.

By amendment to its demurrer the defendant set up that the act of 1909 (Acts 1909, p. 160 et seq., Civil Code (1910), § 2782), and particularly the portion of said act which creates a cause of action in favor of the personal representative of a deceased employee of a railway, for the benefit of the next of kin, is unconstitutional, because: (*a*) it violates art. 1, sec. 4, par. 1, of the constitution (Civil Code (1910), § 6391), in that at the time of its passage there was in force the act of 1850 with amendments (Civil Code (1910), § 4424), designating the beneficiaries entitled to sue and recover for the homicide of one whose death was caused by wrongful act; (*b*) it violates art. 1, sec. 1, par. 2, of the constitution, in that it is discriminatory and partial, and provides a right of action in favor of the next of kin dependent upon an employee of a common carrier by railroad who may meet his death by wrongful act in the course of his employment, whereas no similar provision for such right of recovery in the next of kin upon any other class of employees, or any other person who may suffer death by wrongful act is made; (*c*) it violates art. 1, sec. 1, par. 3, of the State constitution, in that there is necessarily involved in the protection by due process of law the equal protection of the law without favor or unreasonable discrimination, said act of 1909 discriminating against defendant in extending a right of recovery in cases of employment in the service of a common carrier by railroad to a beneficiary who does not enjoy a similar right in other relationships, to wit, the next of kin dependent upon such employee; (*d*) it violates the fourteenth amendment to the Federal constitution in that it denies to defendant, as a common carrier by railroad, due process of law and equal protection by the law, because said act affords to the next of kin dependent upon an employee of a common carrier by railroad the right of action for the death of such employee caused by the wrongful act of a carrier

by railroad, while there is no provision of law for such beneficiary in case of death by wrongful act of any other employers save those of common carriers by railroad.

Error was assigned upon the overruling of these demurrers:

*J. E. Hall, C. J. Bloch,* and *Max E. Land,* for plaintiff in error.

*J. A. Hixon* and *Strozier & Gower,* contra.

GILBERT, J.  1.  As will be seen from the statement of the case, the action is based on section 2782 of the Civil Code of 1910, which is a codification of the act approved August 16, 1909  (Ga. Laws 1909, p. 160).  This act fixes the liability of common carriers by railroad to their employees.  An employee is alleged to have been killed by an intrastate railroad-train of the company by which he was employed.  The plaintiff brought suit as administrator of the · estate of the employee, for the benefit of the "next of kin dependent upon' such employee."  The act provides for a recovery, where the railroad is liable in case of death of the employee, by the personal representative for the benefit of the surviving "widow or husband, or child, or children of such employee, and if none, then of such employee's parents, *and if none, then of the next of kin dependent upon such employee."*  That portion of the statute which we have italicized is attacked in the demurrers as being unconstitutional because in conflict with the fourteenth amendment to the constitution of the United States.  Civil Code (1910), § 6700.  The ground of demurrer is that the portion of the act which creates a cause of action in favor of the personal representative of a deceased employee of a railway, whose death is caused by the wrongful act of the railway, is unconstitutional, because it violates the fourteenth amendment to the Federal constitution, in that it denies to defendant, as a common carrier by railroad, due process of law and equal protection by the law, because said act affords to the next of kin dependent upon an employee of a common carrier by railroad the right of action for the death of such employee caused by the wrongful act of a carrier by railroad, while there is no provision of law for such beneficiary in case of death by wrongful act of any other employers save those of common carriers by railroad.  The fourteenth amendment to the constitution of the United States, in so far as pertinent, is as follows:  "No State shall make or enforce any law which shall  .  .  deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of

the laws." Corporations are persons, within the meaning of this' amendment. See 11 Fed. Stat. Ann. 636, and numerous authorities cited; 6 R. C. L. 413, § 409 and authorities in note 18. It is settled that "The legislature has power to make reasonable classifications of subjects of legislation. But it has no power to make arbitrary discriminations in favor of certain persons or corporations, as against others in like circumstances." *Leonard* v. *American Life & Annuity Co.*, 139 *Ga.* 277 (77 S. E. 41).

The Supreme Court of the United States has held that classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without such basis . . arbitrary selection can never be justified by calling it classification. . . The equal protection demanded by the fourteenth amendment forbids this." See *Leonard* v. *American Life & Annuity Co.,* supra; Barbier *v.* Connolly, 113 U. S. 27 (5 Sup. Ct. 357, 28 L. ed. 923); Connolly *v.* Union Sewer Pipe Co., 184 U. S. 540, 560 (22 Sup. Ct. 431, 46 L. ed. 679); Gulf &c. Ry. *v.* Ellis, 165 U. S. 150, 155, 160, 165 (17 Sup. Ct. 255, 41 L. ed. 666). In *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637), it was said: "'Equal protection of the laws' means equal security under them to every one, under similar terms, in his life, his . . property, and in the pursuit of happiness, and exemption from any greater burdens and charges than such as are equally imposed upon all others under like circumstances. Hence, a statute bearing alike on individuals of each class, or on all districts in like conditions, does not deny the equal protection of the laws; but such classification must not be arbitrary and without reasonable grounds on which it may be based." By reference to section 4424 of the Civil Code of 1910, it will be observed that no cause of action lies against employers generally in favor of the next of kin of employees for a wrongful injury or death resulting from the negligence of the employer. The defendant insists that a common carrier by railroad cannot be singled out and made a class separate from all other employers and made liable in such cases for the benefit of "the next of kin." It is insisted that such a classification is arbitrary, and does not rest upon any difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. Counsel for defendant does not controvert, but freely admits, the

right to make classifications, and further admits that under the decisions of the courts of this State and of the United States railroads may be constitutionally classified in the matter of abrogating the common-law rule as to injuries resulting from the negligence of a fellow servant. It is admitted that this classification rests upon a sound basis. On the other hand it is insisted that the creation by statute of a liability in favor of the " next of kin " bears no reasonable or logical relation to the subject-matter of the homicide by negligence, and therefore that such a classification is not permitted under the fourteenth amendment to the constitution of the United States.

In determining the question raised by the demurrer, as above stated, we proceed on the theory that certain principles involved are settled. " The rules by which this contention must be tested, as is shown by repeated decisions of this court, are these: 1. The equal-protection clause of the fourteenth amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61 (31 Sup. Ct. 337, 55 L. ed. 369, Ann. Cas. 1912C, 160). In this case the defendant company has not carried the burden imposed upon it of showing that the classification does not rest upon a reasonable basis, nor has it shown that the classification bears no reasonable or logical relation to the subject-matter affected by the legislation, to wit, the imposition of a liability for a wrongful homicide by a common carrier by rail for the benefit of the next of kin. The primary object of the statute is to make railroad companies liable for negligent injuries and homicides on account of the hazards of their business. The character of the

business would justify a classification making these companies alone liable for negligent homicides. The disposition of the damages recoverable, and provision for the payment to the "next of kin" of the employees killed, would not make such classification unreasonable or arbitrary because in other classes of homicide a different disposition of damages is provided.

Common carriers are subject to police regulation; and "while the police power is not unlimited, it does include provisions, in pursuance of the public policy of the State, against such a corporation," and a statute fixing a liability as stated above is reasonable, and does not deny equal protection of the law because it does not apply to negligent homicides committed by other persons and corporations. Western' Union Telegraph Co. *v.* Commercial Milling Co., 218 U. S. 406, 410 (31 Sup. Ct. 59, 54 L. ed. 1088, 36 L. R. A. (N. S.) 220, 21 Ann. Cas. 815). That case involved the validity of a statute placing telegraph companies in a class as to limiting liability for negligence not shared with any other person or corporation. The ruling upholding the statute was approved in International Harvester Co. *v.* Missouri, 234 U. S. 199, 214 (34 Sup. Ct. 859, 58 L. ed. 1276, 52 L. R. A. (N. S.) 525), by unanimous decision of the Supreme Court. We think the principles ruled in the last-mentioned cases applicable to this case. The classification does not appear to be without a reasonable basis, to wit, the compensation of the next of kin dependent upon the deceased employee for wrongful homicide of employees of common carriers by railroad. Such employees are engaged in an occupation indisputably hazardous. *Georgia R. Co.* v. *Miller,* 90 Ga. 571 (16 S. E. 939) ; and see *Thompson* v. *Central R. Co.,* 54 Ga. 509; *Augusta &c. R. Co.* v. *Randall,* 79 Ga. 304 (4 S. E. 674). The decision is not based on any argument that the police power of the State is unlimited. On the contrary we freely subscribe to what was said by the Supreme Court in Connolly v. Union Sewer Pipe Co., supra: " The constitution of the United States is the supreme law of the land, anything in the constitution or statutes of the States to the contrary notwithstanding. A statute of a State, even when avowedly enacted in the exercise of its police powers, must yield to that law. No right granted or secured by the constitution of the United States can be impaired or destroyed by a state enactment, whatever may be the source from which the power to pass such

enactment may have been derived. . . . The State has undoubtedly the power, by appropriate legislation, to protect the public morals, the public health, and the public safety, but if, by their necessary operation, its regulations looking to either of those ends amount to a denial to persons within its jurisdiction of the equal protection of the laws, they must be deemed unconstitutional and void." Atchison &c. R. Co. v. Vosberg, 238 U. S. 56 (35 Sup. Ct. 675, L. R. A. 1915E, 953). Finally it should be remembered that we are dealing with the power of the General Assembly, and not the policy that should be pursued. Questions of public policy are exclusively within the province of the General Assembly, and not the courts.

2. The remaining grounds of the demurrer are dealt with in the headnotes, which do not require elaboration.

*Judgment affirmed. All the Justices concur.*