WEST, trustee, *et al. v.* TROTZIER.

No. 12025. MARCH 9, 1938.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiffs in error.

*Harold Hirsch, Marion Smith, Welborn B. Cody,* and *Edwin L. Cody,* contra.

GRICE, Justice. 1. While as to the City of Atlanta, made a party since the former appearance of the cause in this court, the ruling heretofore made is not "the law of the case," as that term is generally used, the former ruling, being by a bench of six Justices, is to be followed whenever the same question subsequently arises, unless such former decision is overruled or modified in the manner pointed out in the statute. Code, § 6-1611.

2. In *Trotzier* v. *McElroy,* 182 *Ga.* 719 (supra), this court, in considering an attack made upon the act approved March 28, 1935 (Ga. Laws 1935, p. 450), held that the so-called pensions therein referred to were not mere gratuities, and that the prior acts created a contract to create a fund to which the fireman is required to contribute, and that "for this reason section 4 of the act of 1935, supra, is violative of article 1, section 10, paragraph 1, of the constitution of the United States, which forbids any State to pass any ex post facto law or law impairing the obligation of a contract; and therefore it is void." It necessarily follows from the above ruling that so much of the act as seeks to reduce the pension of defendant in error from one hundred dollars per month to seventy-five dollars per month is void as applied to him, because violative of a similar provision of the constitution of this State, article 1, section 3, paragraph 2. The same line of reasoning leads to the conviction that it is also violative of article 12, section 1, paragraph 5, protecting vested rights. Whether for similar reasons it violates the due-process clause of the State constitution (article 1, section 1, paragraph 3) need not be decided.

3. It also follows from the prior ruling of this court that the act approved August 13, 1924 (Ga. Laws 1924, p. 167), as amended by the act approved August 24, 1931 (Ga. Laws 1931, p. 223), and as further amended by the act approved March 28, 1935 (Ga. Laws 1935, p. 450), is not violative of paragraph 1 of section 16 of article 7 of the constitution of this State, which provides that "The General Assembly shall not by vote, resolution, or order grant any donation or gratuity in favor of any person, corporation, or association." Nor is it violative of paragraph 2 of section 16 of article 7 of the constitution of this State, which provides that "The General Assembly shall not grant or authorize extra compen-

sation to any public officer, agent, or contractor, after service has been rendered or the contract entered into."

4. That provision of section 6 of the act approved August 24, 1931, to the effect that "should there be on hand insufficient funds to carry out the purpose of this act, such additional funds as are necessary therefor shall be paid out of the treasury of the city," is not violative of paragraph 1 of section 6 of article 7 of the constitution of this State, in that said provision authorized the City of Atlanta to appropriate the money for individuals which is not for purely charitable purposes; nor does it violate paragraph 1 of section 16 of article 7 of the constitution of this State, in that by said section the General Assembly authorizes a donation in favor of an individual; nor is it violative of paragraph 2 of section 16 of article 7 of the constitution, in that said section of the act grants or authorizes extra compensation to public officers and agents after the service has been rendered.

5. Nor is section 3 of the act of 1931, which amends section 5 of the act of 1924 by adding what is known as section 5-a, unconstitutional and violative of (a) paragraph 1 of section 6 of article 7 of the constitution of Georgia, in that said section authorizes a municipal corporation to appropriate money not for purely charitable purposes; or (b) paragraph 1 of section 16 of article 7 of the constitution, in that said section authorizes the grant or donation of a gratuity in favor of an individual; or (c) paragraph 2 of section 16 of article 7, in that it authorizes a grant of extra compensation to public officers and agents after service has been rendered to a municipality. Nor is it unconstitutional for the further reason that the pensions to be paid are from special taxes on fire-insurance premiums and from the general revenues of the City of Atlanta, and said payments are not made for services rendered, but are given and granted upon an arbitrary and fixed scale after the employees have retired from the service of the City of Atlanta, and to the widow or orphan children after the death of such retired employee.

6. Nor is section 4 of the act of 1924, which provides for a pension to a pensioner's widow and children after the death of the pensioner, as amended by section 1 of the act of 1931, and further amended by section 1 of the act of 1935, unconstitutional and void and violative of paragraph 1 of section 6 of article 7 of the con-

stitution of Georgia, in that said section as amended authorizes a municipal corporation to appropriate public funds to an individual, not for purely charitable purposes; and that it further violates the paragraph, section, and article herein referred to, in that it authorizes the grant of a donation or gratuity in favor of individuals.

7. Nor is section 7 of the act of 1935, amending the act of 1924, which is designated as section 14-a of the act, unconstitutional and void in that under said provision the General Assembly has authorized the grant out of public funds of a donation or gratuity to individuals.

8. There is no merit in the contention that because there is no express authority in the State constitution which authorizes the General Assembly to grant pensions to State employees and no express authority for the General Assembly to compel municipalities to pay pensions to its employees, the legislation under attack by the City of Atlanta is invalid.

9. Nor is there any merit in the contention that such legislation is in violation of the provisions of paragraph 1 of section 7 of article 7 of the constitution of this State, which limits the right of a municipal corporation to incur a debt.

10. The act of 1924, as amended, can not be held to be invalid because of the assertion that, in its application to the present financial condition of the City of Atlanta, it "is arbitrary, unreasonable, and violative of the public welfare of the City of Atlanta, and is contrary to sound public administration of the finances of the City of Atlanta," etc.

11. The attack made by the City of Atlanta on the provision in the act of 1924, as amended by the act of 1935, which provides for a tax of one and a quarter per cent. per annum on fire and lightning insurance company premiums, on the ground that it violates paragraph 1 of section 4 of article 1 of the constitution of Georgia, which forbids the enactment of a special law in any case for which provision has been made by an existing general law, furnishes no ground for refusal to make the mandamus absolute.

12. "There is nothing in the constitution of this State which guarantees to the people living within the limits of a municipal corporation the absolute right of local self-government. How far people so situated may be allowed to participate in the choice of

officers who are to administer the affairs of the local government is a matter exclusively within the judgment and discretion of the General Assembly." *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230). Therefore the contention is without merit, that the said acts of the General Assembly which impose an obligation upon the City of Atlanta to contribute from its general revenues an amount to pay a certain designated amount each month to pensioners of the fire department "is an arbitrary, unreasonable and illegal interference on the part of the General Assembly with the municipal functions of the City of Atlanta, which are private in nature, and are not of such governmental or public nature that the General Assembly in its sovereign power has a right to control."

13. For none of the reasons assigned was it erroneous to enter the judgment to which exception is taken.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*