KELLEY *v.* COUNTY OF NEWTON.

484

No. 15017. November 14, 1944.

*Victor K. Meador,* for plaintiff.   *C. C. King,* for defendant.

ATKINSON, Justice.   (After stating the foregoing facts.)   ■
In construing art. 7, sec. 6, par. 2, of the constitution of this State
(Code, § 2-5402), which declares the purposes for which the Gen-
eral Assembly can authorize the counties to levy taxes, this court,
in *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11, 53 A. L.
R. 1286), specifically ruled that the counties of the State could
not be held amenable to the workmen's compensation law.   In
*Murphy* v. *Constitution Indemnity Co.,* 172 *Ga.* 378 (157 S. E.
471), where it was sought to hold the Troup County board of ed-
ucation liable under the workmen's compensation law for injuries
received by a school-bus driver, this court held that the Industrial
Commission (now State Board of Workmen's Compensation) had
no jurisdiction to make an award, asserting that: "The reason-
ing on this subject is clearly stated in *Floyd County* v. *Scoggins,*
supra."   These two cases were subsequently relied upon and cited
in *Perdue* v. *Maryland Casualty Co.,* 43 *Ga. App.* 853 (160 S. E.
720).   While one Justice dissented in *Floyd County* v. *Scoggins,*
we think that the majority opinion is correct, and adhere to the
ruling there made.

■   In so far as a county is concerned, we can see no effect that
the amending act of 1943 (Ga. L. 1943, p. 401) had on the work-
men's compensation law.   To the definition of "employer" this
act merely added "the State of Georgia and all departments
thereof."   The original act had already sought to include coun-
ties, though its application to counties had been held unconstitu-
tional in *Floyd County* v. *Scoggins,* supra, and the status of the
counties was in no way changed by the amendment which added
to the definition of employer "the State of Georgia and all depart-
ments thereof."

■   Having ruled that the counties of the State are not covered
by the workmen's compensation law, section 2 of the act of 1943
(Ga. L. 1943, p. 401), designated as section 114-101A of the Code,
could have no application to the county as an employer; nor does
any ruling in *State Highway Department* v. *Bass,* 197 *Ga.* 356
(29 S. E. 2d, 161), afford authority for including a county as an
employer under the workmen's compensation law, Code, § 114-101,
or the amendment of 1943 (Ga. L. 1943, p. 401).   It is therefore

unnecessary to discuss the questions raised under (C) and (D) of the motion to dismiss filed by the county.

The court did not err in sustaining the State Board of Workmen's Compensation in dismissing the claim.

*Judgment affirmed.   All the Justices concur.*