FRANKLIN *v.* MAYOR AND ALDERMEN OF SAVANNAH.

No. 15174. JUNE 7, 1945.

*Shelby Myrick,* for plaintiff.

*Spence M. Grayson* and *H. Sol Clark,* for defendant.

WYATT, Justice. ■ The provisions of the act approved March 3, 1943 (Ga. L. 1943, p. 1575), which are here pertinent, read as follows: "Be it further enacted by the authority of the same that any employee of the mayor and aldermen of the City of Savannah who shall have been pensioned by the mayor and aldermen of the City of Savannah and who, thereafter, accepts employment with the United States Government or any agency thereof, or any State government or any agency thereof, or any county or city government or any agency thereof, shall forfeit his, or her, right to a

pension during the term of employment with said governmental agency, but, upon the termination of said employment, shall be entitled to the pension which he, or she, was receiving prior to said employment. If any employee who has been pensioned under the provisions of this act should accept employment with any person, firm, or corporation, and receive as compensation an amount equivalent to, or greater than, the salary such person was receiving from the city at the time of the granting of said pension, said pensioner shall forfeit his pension during the time of said employment. On the termination of the said employment, said pension shall be restored by the mayor and aldermen of the City of Savannah."

"Be it further provided that no employee of the mayor and aldermen of the City of Savannah who has served the city for a period of twenty-five (25) years, the last five (5) years of such service being continuous, shall be dismissed from the employ of the city without first being pensioned as provided herein, without the necessity of proving disability. Any employee who has served the said twenty-five (25) years with the last five (5) years of service being continuous, shall as a matter of right be entitled to a pension at the expiration of said twenty-five (25) years of service."

Both of the above quotations appear in section 2 of the act. The first of the paragraphs quoted precedes the second in the act, with several paragraphs between the two. It is insisted that the provisions of the paragraph of the act first quoted violate the clauses of the State and Federal constitutions forbidding the impairment of the obligation of contracts; guaranteeing due process of law: guaranteeing that the protection of person and property shall be impartial and complete; and providing that no State shall deny to any person within its jurisdiction equal protection of the laws. The act under consideration repealed all former pension laws as to Savannah, made it obligatory upon all employees to join the pension fund, and required them to contribute two per cent. of their salaries to that fund. An employee could not withdraw his contribution to the fund unless he resigned, died, or was dismissed from service.

A very able argument is presented to the effect that the provision, "Any employee who has served the said twenty-five years with the last five years of service being continuous, shall as a matter of

right be entitled to a pension at the expiration of said twenty-five years of service," construed in connection with that portion of the act which provides that an employee who has served for the period of twenty-five years can not be dismissed by the city without first allowing him a pension, gave to the plaintiff a vested right in the pension, of which he can not be divested or deprived.

"A constitutional act of the legislature is equivalent to a contract, and when performed, is a contract executed; and whatever rights are thereby created, a subsequent legislature can not impair." *Winter* v. *Jones,* 10 *Ga.* 190 (5) (54 Am. D. 379). See also *Herrington* v. *Godbee,* 157 *Ga.* 343, 347 (121 S. E. 312); *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817); *Hollis* v. *Jones,* 184 *Ga.* 273 (191 S. E. 127); *West* v. *Trotzier,* 185 *Ga.* 794 (196 S. E. 902); *West* v. *Anderson,* 187 *Ga.* 587 (1 S. E. 2d, 671). It follows that, if the act now under consideration provided for the pension, as a matter of right, after twenty-five years' service, without more, the position of the plaintiff in error would be eminently correct. But more does appear. The very act under which the pension is allowed further provides as a matter of right that, in the event an employee who has been pensioned accepts employment of the character the plaintiff had accepted, payment of the pension would be suspended during the time of such employment. Therefore, when the plaintiff in error applied for and accepted the pension, which was a voluntary act on his part, he knew that the law creating the contract under which he was granted the pension provided that his pension would be suspended during the term of employment of the character described in the petition. Again, when he accepted the employment, likewise a voluntary act on his part, he knew that, under the terms of the act creating his pension, it would be suspended during the period of such employment. We do not have here a situation in which the city employer attempts by subsequent ordinance, or the legislature by subsequent act, to deprive an employee of a pension previously unconditionally granted. But we have a situation in which the employee by his own voluntary act has brought about the suspension of his pension in accordance with the provisions of the act under which his pension was granted. There is a vast difference in the two propositions.

It is argued that the two quoted sections of the act are in conflict; and that the rule in such cases to the effect that the clause

last appearing in the act will be controlling, on the idea that it is the last legislative expression, should be applied. We recognize this rule, but do not think it applicable. We see no reason why a contract—and this act creates a contractual relation—can not provide for a pension at the end of twenty-five years' service, and provide that the pension shall be suspended in the event of employment by a governmental agency during the period of employment. Which of the provisions appears first makes no difference in the legal effect, since the two are not in conflict. The precise question here involved does not seem to have been decided by the courts of this State. However, our statutory law recognizes the proposition that a right may be lost or destroyed by the breach of a condition. See the Code, § 20-110.

This court, in *Trotzier v. McElroy*, supra, quotes with approval from *Roddy v. Valentine*, 268 N. Y. 228 (197 N. E. 260), as follows: "Where statutory conditions for retirement existing when application is made have been met, and the award of the pension or benefit has been made, or should have been made, interest in pensioner becomes vested, and takes on attribute of a contract which in absence of statutory reservations may not legally be diminished or otherwise affected by subsequent legislation." See also *DeWitt v. Richmond County*, 192 *Ga.* 770, 775 (16 S. E. 2d, 579).

■ What has been said in division I of this opinion disposes of the constitutional questions raised, except the contention that the act violates the equal-protection provisions of the State and Federal constitutions. "It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied." *Baugh v. LaGrange*, 161 *Ga.* 80 (2 a) (130 S. E. 69). See also *City of Valdosta v. Harris*, 156 *Ga.* 490 (4) (119 S. E. 625); *Georgia, Southern & Florida R. Co. v. Adkins*, 156 *Ga.* 826 (120 S. E. 610). The pension act now under consideration makes no differentiation or distinction as to any employee. If any employee who has been pensioned accepts employment by a governmental agency, his pension is suspended during such employment; and if any employee who has been pensioned accepts employment by a "person, firm, or corporation, and receives as compensation an amount equivalent to, or greater than, the salary such person was receiving from the city at the time of the granting of said pension, said pen-

sioner shall forfeit his pension during the time of said employment." There is no effort here to classify the employees. On the contrary, both provisions of the suspension or forfeiture clauses are made to apply to all employees. They may voluntarily put themselves in either or neither class as they choose.

■ The defendant in error in its brief argues that the trial court committed error in overruling ground 1 of the demurrer. No cross-bill of exceptions appears in the record. There is, therefore, nothing presented to this court for decision on this question. See the Code, § 6-901.

There was no error in sustaining ground 2 of the demurrer and dismissing the petition.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Atkinson, JJ., concur.*