36487. WALKER *v.* WILCOX COUNTY.

DECIDED FEBRUARY 6, 1957—REHEARING DENIED FEBRUARY 21, 1957.

*Emory L. Rowland,* for plaintiff in error.

*Ben F. Sweet,* for party at interest not party to record.

*D. E. Turk,* contra.

GARDNER, P. J. Prior to the ratification of the Constitution of Georgia of 1945, the Supreme Court held that a county was not authorized to levy tax to pay any workmen's compensation. See *Kelley* v. *County of Newton,* 198 *Ga.* 483 (32 S. E. 2d 99). The

Constitution of Georgia ratified in 1945, contained a section, codified as Code § 2-5701 providing that the General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose except . . . "(15) To provide for workmen's compensation and retirement or pension funds for officers and employees." Since the ratification of the Constitution of Georgia in 1945 the General Assembly has passed several acts pertaining to and amending the Workmen's Compensation Act. Code (Ann. Supp.) § 92-3701 (15) (Ga. L. 1946, p. 87) reads: "County taxes may be levied and collected for the following purposes: 'To provide for workmen's compensation and retirement or pension funds for officers and employees.'" Under the acts of the General Assembly amending the Workmen's Compensation Act, since the ratification of the Constitution of Georgia in 1945, we are of the opinion that the claimant in the instant case was an employee of Wilcox County, the employer, and that both the employee and the employer are involuntarily under the provisions of the Workmen's Compensation Act. See Code § 114-109, and *City of Macon* v. *Benson*, 175 *Ga.* 502 (166 S. E. 26), where the Supreme Court held this act constitutional. See also *Bartram* v. *City of Atlanta*, 71 *Ga. App.* 313 (30 S. E. 2d 780) based on *City of Macon* v. *Benson*, supra, and *City of Brunswick* v. *Edenfield*, 87 *Ga. App.* 434 (74 S. E. 2d 133). Ga. L. 1950, p. 324, which amended Code § 114-101, reads in part as follows: "The said amendment is added to the said section for the purpose of reinstating as the law of this State in such counties the provisions of the said Act which had been held to be unconstitutional prior to the adoption of the Constitution of 1945 and which provisions are now made constitutional by the adoption of the said Constitution which extends authority to the General Assembly to delegate to any county the right to levy taxes 'to provide for workmen's compensation and retirement or pension funds for officers and employees.'"

In view of the authorities above cited, we hold as a matter of law that Wilcox County and the claimant are subject to the provisions of the Workmen's Compensation Act; that the injuries to the claimant were incurred during the course of and in the scope of his employment.

*Judgment reversed.  Townsend and Carlisle, JJ., concur.*