19927. COMMISSIONERS OF ROADS & REVENUES OF FULTON COUNTY *v.* DAVIS.

SUBMITTED JANUARY 15, 1958—DECIDED FEBRUARY 7, 1958.

*Harold Sheats, Martin H. Peabody,* for plaintiff in error.

*Ben F. Sweet,* contra.

MOBLEY, Justice. This is a workmen's compensation case, in which all of the material facts were stipulated by the parties. The only issue for determination by the board was whether Fulton County is subject to the Workmen's Compensation Law. The Workmen's Compensation Board held that it was, and awarded the claimant compensation. To a judgment of the Superior Court of Fulton County affirming the award and judgment of the Board, Fulton County, the defendant below, excepted.

■ The original Workmen's Compensation Act (Ga. L. 1920, p. 167, Code § 114-101) defines the term "employer" to include "any municipal corporation within the State, and any political division thereof." This court, in *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (1) (139 S. E. 11, 53 A. L. R. 1286), held that "So much of the workmen's compensation act as requires the counties of this State to insure their employees against, or pay them compensation for, personal injuries or for their deaths while in the employment of the counties, violates art. 7, sec. 6, par. 2, of the Constitution of this State, which declares the purposes for which the legislature can authorize the counties to levy taxes." That decision was followed by the full-bench decision of this court in *Kelley* v. *County of Newton,* 198 *Ga.* 483 (32 S. E. 2d 99). The basis for the court's conclusion in these cases was that the Constitution did not authorize the legislature to delegate to counties the right to levy taxes to pay workmen's compensation to their employees. The Constitution of 1945, art. 7, sec. 4, par. 1 (Code, Ann., § 2-5701 (15)) included a provision that the legislature could delegate to the counties authority to levy taxes to pay workmen's compensation to their employees, and, in 1946, the legislature passed an enabling act authorizing the counties to do so. Ga. L. 1946, p. 87.

The question presented is whether the constitutional amendment of 1945 and the enabling act of 1946, and other statutes considered hereinafter, had the effect of reinstating that portion of the original Workmen's Compensation Act which had placed counties under the act and which this court had previously declared unconstitutional. "The time with reference to which the constitutionality of an act of the General Assembly is to be

determined is the date of its passage, and if it is unconstitutional then, it is forever void." *Jones* v. *McCaskill,* 112 *Ga.* 453, 456 (37 S. E. 724). " 'The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted.' 11 Am. Jur., Constitutional Law, 827, § 148." *Grayson-Robinson Stores* v. *Oneida, Ltd.,* 209 *Ga.* 613, 617 (75 S. E. 2d 161). "A void statute can be made effective only by re-enactment." Id. headnote 2. Applying these principles of law to the instant case, that portion of the original Workmen's Compensation Act purporting to bring counties of this State under the act is null and void unless it has been re-enacted. We find that it has not been re-enacted. The contention of the defendant in error that section 2 of the act of 1950 (Ga. L. 1950, p. 324) did re-enact it is without merit. The preamble of that act states that it is an act to amend Code § 114-101, as amended, "to carry out as to all counties in the State having a population in excess of 300,000 the authority contained in [Code, Ann., § 2-5701 (15), supra] which extended authority to the General Assembly to delegate to any county the right to levy taxes 'to provide for workmen's compensation . . .' ", and "to reinstate as the law of this State, so far as relates to such counties, the provisions of the said Section 114-101 of the Code of 1933." Section 1 of the act provides that counties having a population of 300,000 or more by the 1950 or any future census would come under the Workmen's Compensation Act. Section 2, following, stated that "said amendment [referring to section 1] is added to the said section [referring to Code § 114-101] for the purpose of reinstating as the law of this State in such counties [referring to counties of 300,000 or more population] the provisions of the said Act which had been held to be unconstitutional prior to the adoption of the Constitution of 1945 . . ." Clearly, section 2 merely refers to section 1 of the amendment dealing with counties of 300,000 or more population and did not in any way attempt to, nor did it, reinstate the Workmen's Compensation Law in all the counties of the State. Neither did the act of 1950 (Ga. L. 1950, p. 404), which

simply amended Code § 114-101 to include electric-membership corporations within the definition of "employer", nor the act of 1952 (Ga. L. 1952, p. 167), which amended said section to include co-operatives and nonprofit corporations engaged in furnishing telephone service within the definition of "employer", have the effect of re-enacting the original Workmen's Compensation Act of 1920 (Code § 114-101), because of the fact that the language of the amended Code section was set out in its entirety in each of those acts. The effect of the amendments in each case was simply to amend the definition of the term "employer" to include, in the one case, electric-membership corporations, and, in the other, co-operatives and nonprofit corporations engaged in furnishing telephone service. The decision of the Court of Appeals in *Walker* v. *Wilcox County*, 95 *Ga. App.* 185 (97 S. E. 2d 583), is in conflict with the ruling here made and is expressly disapproved.

■ The next question is whether the act of 1950 (Ga. L. 1950, p. 324) is unconstitutional for any of the reasons assigned by the plaintiff in error. This act amends Code § 114-101 by adding thereto the following: "In every county in the State of Georgia having a population of 300,000 or more according to the present or any future United States census, the term 'employee' shall include all political divisions of the State of Georgia, including school districts and any other area whose management and operation for educational purposes is under the control and direction of the county board of education of such county." It is obvious that the term "employee", where used in the amendment, was intended to be "employer". The General Assembly was attempting to re-enact so much of the original Workmen's Compensation Act (Code § 114-101) as had been declared unconstitutional with respect to counties, so as to include therein counties having a population of 300,000 or more by the 1950 or any subsequent census, and to do this the word "employer" was required instead of "employee". It will be so treated.

The plaintiff in error contends that this act is a special law and violative of art. 1, sec. 4, par. 1 of the Constitution of 1945 (Code, Ann., § 2-401). "The General Assembly may make classification for the purposes of legislation and may enact general laws with reference to such classes. Where the basis of classification is that of population, in order to be a general law

it is necessary that such classification shall be open to let in any county or city which by any future census might have the stipulated population." *Murphy* v. *West*, 205 *Ga.* 116 (1) (52 S. E. 2d 600). In the instant case, the classification of counties "having a population of 300,000 or more according to the present or any future United States census" meets the requirement as to being open so as to let in counties that might in the future have the stipulated population, and to let out others that might fall below the required population. Thus it is an act relating to counties of a certain class, general in its terms, is founded upon a proper and legitimate basis of classification, and is general legislation, not special, even though but a single county may now be embraced within the class affected by the act. *Barge* v. *Camp*, 209 *Ga.* 38, 44 (70 S. E. 2d 360); *Abbott* v. *Commrs. of Roads &c. of Fulton County*, 160 *Ga.* 657 (129 S. E. 38); *Orr* v. *Hapeville Realty Investments*, 211 *Ga.* 235 (85 S. E. 2d 20).

Next, is said act of 1950 a special act because there is no relationship between the needs of the workingman and compensation benefits and the population of the county in which he is employed, as contended by the plaintiff in error? A classification is valid if it relates to the subject matter of the legislation and is not unreasonable or arbitrary. *Sasser* v. *Martin*, 101 *Ga.* 447 (29 S. E. 278); *Aetna Ins. Co.* v. *Brigham*, 120 *Ga.* 925 (48 S. E. 348); *Georgia S. & F. Ry. Co.* v. *Adkins*, 156 *Ga.* 826 (120 S. E. 610); *City of Macon* v. *Samples*, 167 *Ga.* 150 (145 S. E. 57); *Family Finance Co.* v. *Allman*, 174 *Ga.* 467 (163 S. E. 143); *Rourke* v. *U. S. F. & G. Co.*, 187 *Ga.* 636 (1 S. E. 2d 728). The number of employees of a county having a population of 300,000 or more would naturally greatly exceed the number in counties with smaller population. The original Workmen's Compensation Act, as it was enacted in 1920 (Ga. L. 1920, p. 177, Code § 114-107), made a distinction based upon the number of employees, providing that employers having more than ten employees would come under the act, while those with less than ten employees would not. Likewise, the number of employees of a county could reasonably relate to the subject matter of the act, with counties of large population and having many county employees coming under the act, and the smaller counties with a limited number of employees not coming under it. Furthermore,

the county employees of a densely populated area having a population of 300,000 or more people are normally exposed to the problems incident to such populated areas, such as traffic and fire hazards, industrial accidents, and danger from exposure to accidents occurring in the varied and sundry types of employment that are found in larger counties but not in the smaller ones. The types of employment engaged in by county employees in counties of 300,000 or more population are much more varied than those of smaller counties and expose the employees to extra and different hazards not associated with the employment in the smaller counties. Workmen's compensation coverage of employees in large counties can well have a direct relation to the health, morals, and general welfare of such counties, their employees and other citizens. We are of the opinion that the classification in this case is reasonable and relates to the subject matter of the legislation.

There is no merit in the contention that this act is a special law and unconstitutional for that reason.

We have carefully examined the other attacks made upon this act, and find that they are without merit. The judgment of the trial court, affirming the award of the board and dismissing the appeal of defendant below was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*