DECIDED FEBRUARY 13, 1958—REHEARING DENIED APRIL 3, 1958.

R. Howard Gordon, Rupert A. Brown, for plaintiffs in error.

Broadus Coile, Eugene A. Epting, Erwin, Nix, Birchmore & Epting, contra.

NICHOLS, Judge. 1. The record in this case again raises the question of whether a county is an employer under the provisions of the Workmen's Compensation Act in accordance with Code (Ann.) § 114-101. In order to properly present the contentions of the plaintiff in error we briefly review the legislative and judicial history of this issue: From its original enactment in 1920 (Ga. L. 1920, p. 167) Code § 114-101 included within the meaning of employer "any municipal corporation within the State and any political division thereof" and provided (Code § 114-109) that neither any municipal corporation within the State, nor any political subdivision of the State should have the right to reject the provisions of the act. Thereafter, in Kelley v. County of Newton, 198 Ga. 483 (32 S. E. 2d 99), Murphy v. Constitution Indemnity Co., 172 Ga. 378 (157 S. E. 471), and Floyd County v. Scoggins, 164 Ga. 485 (139 S. E. 11, 53 A. L. R. 1286) it was held that the inclusion of counties as amenable to the Workmen's Compensation Act was violative of Constitutional provisions stating the purposes for which counties may levy taxes, which purposes did not include the payment of workmen's compensation. Thereafter, by the Constitution of 1945, there was added to this Constitutional provision the right to provide for workmen's compensation, following which the legislature (Code, Ann., § 92-3701; Ga. L. 1946, p. 87) by statutory authority also listed provision for workmen's compensation as one of the permissible purposes for which county taxes may be levied. In Walker v. Wilcox County, 95 Ga. App. 185 (97 S. E. 2d 583) this court held that because of changes in constitutional and statutory enactments subsequent to the decision in Kelley v. County of Newton, 198 Ga. 483, supra,

counties are subject to the Workmen's Compensation Act. It should be stated here that in that case reference was through inadvertence made to an amendment to Code (Ann.) § 114-101 (Ga. L. 1950, p. 324) not applicable to that case, since the amendment in question dealt only with re-enacting the provisions of Code (Ann.) § 114-101 relating to political divisions of the State insofar as they affected counties of more than 300,000 population, of which Wilcox County was not one. What was there intended was to refer to the amendments to Code (Ann.) § 114-101 (Ga. L. 1950, pp. 324, 404; Ga. L. 1952, p. 167) which, while adding certain quasi-public corporations to the provisions of the law, re-enacted Code § 114-101 in its original form, including the provision: " 'Employer' shall include any municipal corporation within the State and any political division thereof", it being the reasoning of this court that this constituted a compliance with the rule that a void statute can be made effective only by re-enactment (*Grayson-Robinson Stores, Inc.* v. *Oneida, Ltd.*, 209 *Ga.* 613 (2), 75 S. E. 2d 161) if the original statute had by judicial construction been rendered void as to counties so as to require re-enactment after the constitutional bar to its effectuation had been removed.

However, these questions had now been decided adversely to this construction in *Commissioners of Roads & Revenues of Fulton County* v. *Davis*, 213 *Ga.* 792 (102 S. E. 2d 180), which decision disapproved the *Wilcox County* case and held that counties other than Fulton County (which comes under the special provisions of the Act of 1950, supra) are not now within the act. The plaintiff in error contends, for two reasons hereinafter to be considered, that the present case does not come within that decision, and concedes that, unless he is correct in these contentions, the *Davis* case, supra, is controlling.

2. It is argued that in *Commissioners of Roads & Revenues of Fulton County* v. *Davis*, 213 *Ga.* 792, supra, the Supreme Court had before it for consideration only the question of whether Ga. L. 1950, p. 324, specifically re-instating the former law under present Constitutional authority as to "counties having a population of 300,000 or more according to the 1950 or any future U. S. census", was constitutional, anything else which was decided in the case other than this question is obiter and is not

binding upon this court, and in particular that the question of whether the enactment of Ga. L. 1950, p. 404 and Ga. L. 1952, p. 167, re-enacting Code § 114-101 for the purpose of including therein electric-membership corporations, co-operatives and non-profit corporations engaged in furnishing telephone service under the definition of *employer* should be considered as obiter and not binding upon this court. We have closely examined the second division of the Supreme Court decision which deals with this point, and conclude that under the record made before that court a decision on the point was necessary to a decision of the case and accordingly may not be considered obiter by this court. It is well settled that the Supreme Court will not pass upon the constitutionality of a statute if the decision of the case can be based on another ground. *Armstrong* v. *Jones,* 34 *Ga.* 309; *Taylor* v. *Flint,* 35 *Ga.* 124; *Herring* v. *State,* 114 *Ga.* 96 (39 S. E. 866) ; *Todd* v. *State,* 205 *Ga.* 363 (53 S. E. 2d 906) ; *Washburn* v. *MacNeill,* 205 *Ga.* 772, 779 (55 S. E. 2d 135). Accordingly, the Supreme Court would not under its procedure have passed upon the constitutionality of the act attacked which related only to Fulton County if under other provisions of law counties of the State generally, including Fulton County, were at the time under the provisions of the Workmen's Compensation Law. They could only have again come under the law under some one or more of the statutes or Constitutional amendments above cited, and the Supreme Court accordingly, before passing directly upon the act of 1950 relative to Fulton County, explored each of the other legislative enactments to determine whether it would be necessary to deal directly with the constitutional question raised, and came to the conclusion that the case could be adjudicated in no other manner for the reason that under no other provision of law were counties generally, of which the defendant was one, subject to workmen's compensation proceedings. The case itself recites at page 793: "The question presented is whether the constitutional amendment of 1945 and the enabling act of 1946 *and other statutes considered hereinafter,* had the effect of re-instating that portion of the original Workmen's Compensation Act which had placed counties under the act and which this court had previously declared unconstitutional." (Italics ours). Accordingly, a decision as to whether the acts of 1950 and 1952,

supra, had the effect of re-instating the act as to counties generally was necessary to the decision, and is not obiter.

3. The Supreme Court having disapproved the case of *Walker* v. *Wilcox County*, 95 *Ga. App.* 185, supra, and having decided the issue contrary to both the opinion expressed and the reasoning intended by this court, that case is hereby overruled.

4. It is further contended that, although *Kelley* v. *County of Newton*, 198 *Ga.* 483, supra, and similar cases held that so much of the Workmen's Compensation Act as requires the counties to pay compensation violates the constitutional provisions above set forth, this was not a holding that the *statute* (Code, Ann., § 114-101) was unconstitutional, so as to come under the rule that an unconstitutional statute is void ab initio and forever (*Jones* v. *McCaskill*, 112 *Ga.* 453, 456, 37 S. E. 724; *Grayson-Robinson Stores* v. *Oneida, Ltd.*, 209 *Ga.* 613, 617, supra). It is pointed out that Code § 114-101 makes no direct reference to counties. It says merely "the State of Georgia and all departments thereof, any municipal corporation within the State and any political division thereof", and again in Code § 114-109: "any municipal corporation within the State, nor any political subdivision of the State." There may be political divisions of the State other than municipalities and counties. Counties, it is urged, did not come under the term "political divisions" at first, not because the statute was unconstitutional or in part unconstitutional, but simply because they were not such a political division as to fall within the limitation, due to other constitutional provisions. While to include them would have been a violation of § 2-5402 (Constitution of 1877) this did not render the *statute* unconstitutional but merely prevented counties, at the time of its rendition, from falling within the statutory designation of "political divisions." If this reasoning were correct, the result would be that, the inhibition having been removed by the Constitution of 1945 and enabling acts pursuant thereto, counties at that time became such political divisions as automatically fell within the term "political subdivisions" without the necessity for re-enactment thereof, in much the same way as when the act of 1950 extended the provisions to "every county in the State of Georgia having a population of 300,000 or more according to the present or any future census", the act is opera-

tive only as to Fulton County at the present time, but any other county which may fall into the population category as deter-mined by a future census will automatically come within its terms. This contention also is directly decided contrary to the point of view here presented by the first division of the opinion in the *Davis* case, which holds that Code § 114-101, having been declared unconstitutional as to counties, is to that extent void, and must be re-instated by express legislative enactment, regardless of presently existing subsequent statutes and constitutional amendments, and until such time as this may be done counties (other than those having more than 300,000 population) do not come within its provisions.

The judgment of the superior court reversing the full board which awarded compensation is without error.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur.*